BYRON F. BROWNE, ESQ.
Nevada Bar No. 9769
JARED P. GREEN, ESQ.
Nevada Bar No. 10059
BROWNE GREEN, LLC
3755 Breakthrough Way, Suite 210
Las Vegas, NV 89135
Telephone/Facsimile: (702) 475-6454
*Byron@bgtriallawyers.com*
*Jared@bgtriallawyers.com*

MARKER E. LOVELL, JR., ESQ.
Anticipated to be Admitted *Pro Hac Vice*
CHELSEA D. YUAN, ESQ.
Anticipated to be Admitted *Pro Hac Vice*
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, CA 94105
Telephone:     (415) 348-6000
Facsimile:     (415) 348-6001
*mlovell@gibsonrobb.com*
*cyuan@gibsonrobb.com*

Attorneys for Defendants
CALLVILLE BAY RESORT & MARINA and
FOREVER RESORTS, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAUN GOODRICH, an Individual, | CASE NO. |
| Plaintiff, | **PETITION FOR REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA** |
| v. | |
| GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing business as MACKENZIE RIVER; CALLVILLE BAY RESORT & MARINA, a Nevada Entity; FOREVER RESORTS LLC, an Arizona Limited Liability Company; DOES I-X, unknown persons; and ROE Corporation I-X, | |
| Defendants. | |

/ / /

/ / /

Defendants CALLVILLE BAY RESORT & MARINA and FOREVER RESORTS, LLC (collectively "Marina Defendants"), by and through their counsel of record, submit this Petition for Removal to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1331, 1332, 1333, 1441, and 1446.

**PLEASE TAKE NOTICE**, that the Marina Defendants hereby remove to this Court, the state court action entitled "*Shaun Goodrich v. GRG Enterprises, LLC, et al.*," Case No. A-20-811430-C, filed in the Eighth Judicial District Court for the State of Nevada, in and for Clark County.  The grounds for removal are:

1.        Removal is appropriate pursuant to 28 U.S.C. § 1331 because this action involves a federal question.  Plaintiff Shaun Goodrich ("Plaintiff") has brought this tort action alleging a personal injury in Lake Mead.  (*See generally* Plaintiff's Amended Complaint at ¶¶ 28-47, 58-69; *see*, Request for Judicial Notice in Support of Petition for Removal filed herewith.) Specifically, Plaintiff has alleged that the injury was sustained when he was "returning with a party on a slip customer's boat" and fell into the water of Lake Mead.  (*See*, Plaintiff's Amended Complaint at ¶¶ 32-34.)  Plaintiff claims that he "suffered a head wound and aspirated a large amount of water." (*See*, Plaintiff's Amended Complaint at ¶36.)  Lake Mead is located in a federal enclave.  *See, e.g.,* *U.S. v. Seitles*, No. 2:04-cv-00408, 2006 WL 1367374, at *2 (D. Nev. May 12, 2006) ("The ACA's purpose is to borrow state law to fill gaps in federal criminal law that applies on federal enclaves, such as the Lake Mead National Recreation Area."); *see also* Lake Mead National Park Service Website, accessible at https://www.nps.gov/lake/index.htm (last accessed April 8, 2020).

A lawsuit is removable under federal question grounds for tort claims that arise on federal enclaves.  *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250-1251 (9th Cir. 2006) (noting that the defendant "had thirty days from when it received the complaint to remove to federal court as [f]ederal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'"); *see also Mehnert v. Agilent Techs., Inc.*, No. 18-593, 2018 WL 3208375, at *2-*4 (W.D. Pa. June 29, 2018) (noting that "Article I of the U.S. Constitution establishes exclusive federal jurisdiction over federal enclaves" and denying plaintiff's motion to remand as the notice of removal was timely and established that the tortious action occurred on a federal

enclave).  Furthermore, federal law establishes that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.

This Court recently upheld removal on the basis of federal question jurisdiction in a personal injury case occurring at Lake Mead on the grounds that it is a federal enclave.  *See*, U.S. District Court Order signed by the Hon. James Mahan on July 3, 2019, in *Dunlap v. Amato, et al.*, Case No. 2:19-CV-189, 2019 WL 2866837 (D. Nev. July 3, 2019) (denying Plaintiff's motion for remand), attached hereto as **Exhibit A**.

> Only "state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987). While federal question jurisdiction "is governed by the 'well-pleaded complaint rule,'" federal question jurisdiction also exists over tort claims that arise on federal enclaves. *Id.* (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S. Ct. 96, 81 L.Ed. 70 (1936)); *Durham*, 445 F.3d at 1250 (citing *Willis v. Craig*, 555 F.2d 724, 726 n.4 (9th Cir. 1977) (per curiam); *see also Mater v. Holley*, 200 F.2d 123, 125 (5th Cir. 1952)); 28 U.S.C. § 1331. Federal enclaves exist where property is "purchased by the Consent of the Legislature of the State . . . for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings[.]" U.S. Const. art. I, § 8, cl. 17.

> The Ninth Circuit, as well as this district, has recognized Lake Mead as a federal enclave. *United States v. Reed*, 734 F. 3d 881, 885 (9th Cir. 2013) ("Lake Mead National Recreation Area is federally owned"); *United States v. Seitles*, No. 2:04-cv-00408-KJD-PAL, 2006 WL 1367374 at *2 (D. Nev. May 12, 2006) ("federal enclaves, such as [] Lake Mead"); *see generally Newton v. Parker Drilling Mgmt. Servs., Ltd.*, 881 F.3d 1078, 1094–95 (9th Cir. 2018) (reiterating that Lake Mead is a federal enclave (citing Reed, 734 F.3d at 884–93)). Thus, because the Dunlaps' state tort claims arose on Lake Mead, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

> *Id*. at *3.

2. Given the existence of original jurisdiction as a basis for subject matter jurisdiction, this Court has supplemental jurisdiction by right over any remaining claims pursuant to 28 U.S.C. § 1367.  As set forth in 28 U.S.C. § 1367, the Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  The statute also lists the specific instances when the district court "may decline to exercise supplemental jurisdiction," but none of them apply in this case.

PETITION FOR REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
Case No. _____; Our File No. 8004.96

3

1    *See*, 28 U.S.C. § 1367(c).  The Ninth Circuit Court of Appeals has interpreted the statutory

2    language "part of the same case or controversy" to mean that the claims share a common nucleus

3    of operative fact and that "the state and federal claims would normally be tried together."

4    *Bahrampour v. Lampert*, 356 F. 3d 969, 978–79 (9th Cir. 2004).  "In exercising its discretion to

5    decline supplemental jurisdiction, a district court must undertake a case-specific analysis to

6    determine whether declining supplemental jurisdiction comports with the underlying objective of

7    most sensibly accommodating the values of economy, convenience, fairness and comity."  *Id.*

8         Here, Plaintiff's Amended Complaint includes claims against Defendant GRG

9    ENTERPRISES, LLC, a Montana Limited Liability Company doing business as MACKENZIE

10   RIVER, alleging that Plaintiff suffered an injury prior to the alleged incident in Lake Mead which,

11   along with the alleged incident in Lake Mead, contributed to the total injuries and damages

12   suffered by Plaintiff, including but not limited to a cervical fusion surgery.  (*See* Plaintiff's

13   Amended Complaint at ¶¶ 11-27, 48-57.)  Plaintiff's Amended Complaint alleges standard

14   personal injury causes of action with sequential incidents culminating in the same set of damages

15   and raises no novel or complex issue of state law.  The initial incident claim does not predominate

16   over the subsequent federal question claim, there has been no dismissal of the federal question

17   claim, and there are no "exceptional circumstances" to justify declining jurisdiction.  Therefore,

18   supplemental jurisdiction in this Court is proper over all claims in Plaintiff's Amended Complaint.

19        3.    Venue is proper in this Court because it is the "district and division within which

20   [this] action is pending." 28 U.S.C. § 1446(a); 28 U.S.C. § 1441(a).

21        4.    The Marina Defendants were served with a copy of the Summons and Plaintiff's

22   original Complaint on March 12, 2020. This Petition is therefore timely filed within thirty (30)

23   days of service as required by 28 U.S.C. § 1446(b).  Plaintiff's Amended Complaint was filed on

24   March 25, 2020, and is the current operative complaint.

25        5.    There is unanimity amongst all Defendants in favor of removal to this Court.

26   Pursuant to 28 U.S.C. § 1446(b)(2)(A), Co-Defendant GRG ENTERPRISES, LLC, a Montana

27   Limited Liability Company doing business as MACKENZIE RIVER, consents to the cause of

28   action being removed to Federal Court.

4

6.      Pursuant to 28 U.S.C. § 1446(a), Defendants provide this Court with copies of the following documents:

      a.    Copies of all process, pleadings, and orders served upon it in this matter to date, pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit B**.

      b.    Copies of all of the state court filings have been attached to this Notice as **Exhibit C**.

      c.    Notice by the Marina Defendants of Removal of Action filed in the state court action, attached hereto as **Exhibit D**.

7.      A copy of this Petition and Request for Judicial Notice are being filed concurrently with the clerk of the Eighth Judicial District Court and served on Plaintiff's counsel and counsel for Co-Defendant GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing business as MACKENZIE RIVER.

8.      By filing this Notice of Removal, the Marina Defendants do not waive, but to the contrary expressly preserve, any and all defenses which may be available to the Marina Defendants in this matter, including, without limitation, defenses based on lack of personal jurisdiction, improper service of process, improper venue, lack of subject matter jurisdiction, and the failure to state a valid claim.  In addition, the Marina Defendants reserve the right to request a jury trial.

DATED this 10th day of April, 2020      BROWNE GREEN, LLC


           /s/ Jared Green
          BYRON F. BROWNE, ESQ.
          Nevada Bar No. 9769
          JARED P. GREEN, ESQ.
          Nevada Bar No. 10059
          BROWNE GREEN, LLC
          3755 Breakthrough Way, Suite 210
          Las Vegas, NV 89135
          Telephone/Facsimile: (702) 475-6454
          *Byron@bgtriallawyers.com*
          *Jared@bgtriallawyers.com*

          Attorneys for Defendants
          CALLVILLE BAY RESORT & MARINA and
          FOREVER RESORTS LLC

PETITION FOR REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
Case No. _____; Our File No. 8004.96

5

1

## CERTIFICATE OF SERVICE

2

The undersigned, an employee of BROWNE GREEN, LLC, hereby certifies that service

3 of the foregoing document was served on the 10th day of April 2020 via the Court's CM/ECF

4 filing system addressed to all parties on the e-service list.

5 RYAN ALEXANDER
Nevada Bar No. 10845
6 RYAN ALEXANDER CHTD.
Email: ryan@ryanalexander.us
7            jennifer@ryanalexander.us

8 *Attorneys for Plaintiff*
**SHAUN GOODRICH**
9

10 JOSH COLE AICKLEN
Nevada Bar No. 007254
11 PAUL A. SHPIRT
Nevada Bar No. 10441
12 JENNIFER R. LANAHAN
Nevada Bar No. 14561
13 LEWIS BRISBOIS BISGAARD & SMITH LLP
Email: Josh.aicklen@lewisbrisbois.com
14           Paul.shpirt@lewisbrisbois.com
         Jennifer.lanahan@lewisbrisbois.com
15
*Attorneys for Defendant*
16 **GRG ENTERPRISES, LLC, d/b/a MACKENZIE RIVER**

17

18

19 By /s/ Jared Green_____

20           _____, an Employee of
         BROWNE GREEN, LLC

21

22

23

24

25

26

27

28

PETITION FOR REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
Case No. _____; Our File No. 8004.96



# EXHIBIT A

1

2

3

4              UNITED STATES DISTRICT COURT

5                    DISTRICT OF NEVADA

6                          * * *

7    JOSEPH TODD DUNLAP, et al.,              Case No. 2:19-CV-189 JCM (PAL)

8                         Plaintiff(s),                    ORDER

9         v.

10   DOMINIC AMATO, et al.,

11                       Defendant(s).

12

13          Presently before the court is plaintiffs Joseph Todd Dunlap and Mona Dunlap's

14   (collectively "the Dunlaps") motion to remand.  (ECF No. 9).  Defendants Track Marine Group;

15   Tracker Marine LLC; and Tracker Marine Retail, LLC (collectively "Tracker") filed a response

16   (ECF No. 12), to which the Dunlaps replied (ECF No. 17).

17          Also before the court is Tracker's motion for leave to file surreply.  (ECF No. 25).

18   **I.    Facts**

19          This action arises from an alleged boating injury that took place at Lake Mead in Clark

20   County, Nevada.  (ECF No. 1-2 at 11).

21          In September 2016, Mr. Dunlap traveled from his home in Oregon to Nevada to

22   participate in the three-day WON Bass Pro/Am fishing tournament ("Tournament") held on

23   September 12–14, 2016, at Lake Mead.  *Id.*  Mr. Dunlap and defendant Dominic Amato

24   ("Amato") competed together in the Tournament with a boat that Amato owned and operated.

25   *Id.*  Tracker and defendant White River Marine Group ("White River") designed, manufactured,

26   and distributed the boat.  *Id.* at 12.

27          On September 13, 2016, the winds at Lake Mead were approximately thirty-five to forty

28   miles per hour ("mph"), with gusts up to fifty mph.  *Id.*  The high winds caused four to six-foot

**James C. Mahan**
**U.S. District Judge**

waves.  *Id*.  At approximately 2:45 p.m., Mr. Dunlap and Amato prepared to return to the dock to weigh their fish.  *Id*. at 13.  Amato became worried that the two would not meet the Tournament deadline to weigh their fish, so he began driving the boat at a high rate of speed.  *Id*.  Mr. Dunlap allegedly asked and then demanded Amato to slow down, but Amato refused.  *Id*.

Mr. Dunlap alleges that because of the weather conditions, the boat's high rate of speed, and the boat's allegedly flawed safety handles, he was thrown out of his seat, into the air, and back down onto his seat.  *Id*.  As a result, Mr. Dunlap suffered an anterior compression fracture located at L-2 vertebra of his spine.  *Id*. at 15.

The Dunlaps filed a complaint in state court alleging negligence, gross negligence, negligence per se, strict products liability, intentional infliction of emotional distress, negligent infliction of emotional distress, and loss of consortium.  *Id*. at 16–21.  On February 1, 2019, Tracker removed the case to federal court based on both diversity jurisdiction and federal question jurisdiction.  (ECF No. 1).  Now, the Dunlaps move to remand and Tracker moves for leave to file surreply.  (ECF Nos. 9, 25-1).

## II. Legal Standard

### a. Motion for leave to file surreply

Local Rule LR 7-2 provides that surreplies "are not permitted without leave of court[.]" LR 7-2(b).  "[M]otions for leave to file a surreply are discouraged."  *Id*.  Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . ."  *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357 at *5 (D. Nev. Mar. 28, 2014) (citing *Avery v. Barsky*, No. 3:12-cv-00652-MMD, 2013 WL 1663612 (D. Nev. Apr. 17, 2013)).  Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed.  *See Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783 at *8 (D. Ariz. 2010) (collecting cases).

### b. Remand

Federal courts are courts of limited jurisdiction.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville*

2   *Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

3        Upon notice of removability, a defendant has thirty days to remove a case to federal court

4   once he knows or should have known that the case was removable. *Durham v. Lockheed Martin*

5   *Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not

6   charged with notice of removability "until they've received a paper that gives them enough

7   information to remove." *Id.* at 1251.

8        Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's

9   receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts

10  necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty*

11  *Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day

12  clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion,

13  order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28

14  U.S.C. § 1446(b)(3)).

15       A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. §

16  1447(c). On a motion to remand, the removing defendant faces a strong presumption against

17  removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental*

18  *Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67

19  (9th Cir. 1992).

20  **III.   Discussion**

21      *a.   Motion to leave to file surreply*

22       Tracker asserts that the court should grant leave to file a surreply because the Dunlaps

23  argue for the first time in their reply that there are "no substantial federal issues" in this case.

24  (ECF Nos. 17 at 6, 25-1 at 3). Because "motions for leave to file a surreply are discouraged[,]"

25  the court will deny Tracker's motion. LR 7-2(b). The court will also disregard any arguments

26  the Dunlaps raised for the first time in their reply. *See United States v. Wright*, 215 F.3d 1020,

27  1030 n.3 (9th Cir. 2000) (declining to consider arguments a party raised for the first time in a

28  reply). Therefore, the court denies Tracker's motion to leave to file surreply.

James C. Mahan
U.S. District Judge

b. *Motion to remand*

The Dunlaps move to remand, arguing that the court does not have subject matter jurisdiction pursuant to either diversity jurisdiction or federal question jurisdiction. (ECF No. 9). The court will address both arguments in turn.

i. *Diversity jurisdiction*

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). However, the forum defendant rule confines removal based on diversity jurisdiction to "instances where no defendant is a citizen of the forum state." 28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

Because Amato is a citizen of Nevada and the Dunlaps filed this action in Nevada state court, the forum defendant rule bars Tracker from removing this action to federal court. (ECF No. 1-2 at 8–9). Thus, the court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

ii. *Federal question jurisdiction*

Only "state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987). While federal question jurisdiction "is governed by the 'well-pleaded complaint rule,'" federal question jurisdiction also exists over tort claims that arise on federal enclaves. *Id.* (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S. Ct. 96, 81 L.Ed. 70 (1936)); *Durham*, 445 F.3d at 1250 (citing *Willis v. Craig*, 555 F.2d 724, 726 n.4 (9th Cir. 1977) (per curiam); *see also Mater v. Holley*, 200 F.2d 123, 125 (5th Cir. 1952)); 28 U.S.C. § 1331. Federal enclaves exist where property is "purchased by the Consent of the Legislature of the State . . . for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings[.]" U.S. Const. art. I, § 8, cl. 17.

The Ninth Circuit, as well as this district, has recognized Lake Mead as a federal enclave. *United States. v. Reed*, 734 F.3d 881, 885 (9th Cir. 2013) ("Lake Mead National Recreation Area is federally owned"); *United States v. Seitles*, No. 2:04-cv-00408-KJD-PAL, 2006 WL 1367374

James C. Mahan
U.S. District Judge

- 4 -

at *2 (D. Nev. May 12, 2006) ("federal enclaves, such as [] Lake Mead"); *see generally Newton v. Parker Drilling Mgmt. Servs., Ltd.*, 881 F.3d 1078, 1094–95 (9th Cir. 2018) (reiterating that Lake Mead is a federal enclave (citing *Reed*, 734 F.3d at 884–93)). Thus, because the Dunlaps' state tort claims arose on Lake Mead, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Tracker's motion for leave to file surreply (ECF No. 25) be, and the same hereby is, DENIED.

IT IS FURTHERED ORDERED that the Dunlaps' motion to remand (ECF No. 9) be, and the same hereby is, DENIED.

DATED July 3, 2019.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -



# EXHIBIT B

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

SHAUN GOODRICH, an Individual;

       Plaintiff,

  v.

GRG ENTERPRISES, LLC, a Montana Limited
Liability Company doing business as
MACKENZIE RIVER; CALLVILLE BAY
RESORT & MARINA, a Nevada Entity;
FOREVER RESORTS LLC, an Arizona Limited
Liability Company; DOES I-X, unknown persons;
and ROE Corporations I-X;

       Defendants.

Case No. **CASE NO: A-20-811430-C**
Dept. No.:      **Department 30**

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.
READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):**   A civil Complaint has been filed by the Plaintiff(s) against you for the relief
set forth in the Complaint.

1.   If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of
the day of service, you must do the following:

    (a)    File with the Clerk of this Court, whose address is shown below, a formal written response to
    the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b)    Serve a copy of your response upon the attorney whose name and address is shown below.

2.   Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so
respond will result in a judgment of default against you for the relief demanded in Complaint, which could
result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your
response may be filed on time.

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members,
commission members and legislators each have 45 days after service of this Summons within which to file an
Answer or other responsive pleading to the Complaint.

Dated this ____ day of _____ 2020.

Issued at the request of:
RYAN ALEXANDER, CHTD.

RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102

**STEVEN D. GRIERSON**
CLERK OF THE COURT

Marie Kramer

3/2/2020

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

1

Electronically Filed
3/1/2020 11:15 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
RYAN ALEXANDER
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
*Attorney for Plaintiff*

CASE NO: A-20-811430-C
Department 30

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHAUN GOODRICH, an Individual;<br><br>              Plaintiff,<br><br>     v.<br><br>GRG ENTERPRISES, LLC, a Montana<br>Limited Liability Company doing business as<br>MACKENZIE RIVER; CALLVILLE BAY<br>RESORT & MARINA, a Nevada Entity;<br>FOREVER RESORTS LLC, an Arizona<br>Limited Liability Company; DOES I-X,<br>unknown persons; and ROE Corporations I-X;<br><br>              Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT**<br><br>**CAUSES OF ACTION:**<br>     **(1) Negligence**<br>     **(2) Negligence** |

COMES NOW, Plaintiff SHAUN GOODRICH ("Plaintiff," "GOODRICH"), by and through

his attorney of record, Ryan Alexander, Esq., as and for his Complaint against Defendants

MACKENZIE RIVER LLC, a Delaware Limited Liability Company doing business as MACKENZIE

RIVER ("MACKENZIE RIVER"), DOES I through X, inclusive, and ROE CORPORATIONS I-X,

inclusive (collectively, "Defendants"), and hereby complains, alleges and states as follows:

**PARTIES**

1. Plaintiff SHAUN GOODRICH is an individual who resides in Clark County, Nevada.

2. Defendant GRG ENTERPRISES, LLC ("MACKENZIE RIVER") is a Montana Limited Liability

Company doing business as "MacKenzie River Pizza, Grill & Pub" in Clark County, Nevada.

3. Defendant CALLVILLE BAY RESORT & MARINA is a Nevada association entity doing business

as "Callville Bay Resort & Marina" in Clark County, Nevada.

4. Defendant FOREVER RESORTS, LLC is an Arizona limited liability company doing business as

1

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

"Callville Bay Marina" in Clark County, Nevada.

5. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendant hereinafter designated as DOES I-X, inclusive, and/or ROE CORPORATIONS I-X, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time. Plaintiff, therefore, sues said Defendant by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

6. Upon information and belief, at all times pertinent, Defendants were agents, servants, employees or joint venturers of every other Defendant herein, and at all time mentioned hereinafter were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other Defendants.

7. The Defendants are jointly and severally liable for each defendant's actions.

## VENUE AND JURISDICTION

8. Venue is proper in Clark County, Nevada pursuant to NRS 13.040.

9. Jurisdiction by this Court over each Defendant in this civil action is proper pursuant to NRS 14.065.

10.    The incidents for which Plaintiff complains and for which Defendants are liable arises out of negligence of GRG ENTERPRISES, LLC, CALLVILLE BAY RESORT & MARINA and FOREVER RESORTS, LLC, which are doing business in Clark County, Nevada.

## GENERAL ALLEGATIONS

**March 11, 2018 - Fall at MacKenzie River**

11.    Defendant MACKENZIE RIVER owns, operates, manages and controls the restaurant known as MacKenzie River Pizza, Grill & Pub at 1550 S. Pavillion Center Drive in Las Vegas, Nevada.

12.    At all the times hereinafter mentioned, Defendant MACKENZIE RIVER was in control of the management of said restaurant and Defendant held itself out to the public by the as the proprietor.

13.    Defendant MACKENZIE RIVER employed managers and attendants, to attend the common areas and seating area of the above-mentioned premises at MacKenzie River Pizza, Grill & Pub, to assist persons lawfully using said premises, and to maintain the facilities.

14.   Defendant held out the aforesaid premises to the public, as a pizzeria chain restaurant.

15.   On March 11, 2018, GOODRICH was a customer at MACKENZIE RIVER, seated in a chair.

16.   As GOODRICH was seated, the chair either became loose, slipped, tipped, rocked or wobbled.

17.   GOODRICH fell to the floor.

18.   GOODRICH was helped up to a chair and was then transported by ambulance to a hospital.

19.   Defendants knew or should have known that there was a loose, sliding, tipping, rocking or wobbling chair and that it was a hazard to invitees.

20.   There were no caution signs or warnings of loose, sliding, tipping, rocking or wobbling chairs.

21.   There were no warnings that the chair was in an unsafe condition.

22.   The doctrine of *res ipsa loquitur* is applicable to Plaintiff's action against Defendants herein, in that at the time that Plaintiff fell, the chair was under the exclusive control of Defendants.  If Defendants had maintained the chair with reasonable care, instead of in a negligent manner, then, in the ordinary course, Plaintiff would not have fallen as alleged herein.

23.   Plaintiff has suffered physical injuries as a result of the fall, and suffered pain and has lost mobility.  Plaintiff continues to suffer and will suffer pain from the injuries in the incident.

24.   Plaintiff suffered economic losses and adverse employment effects from the incident.

25.   Defendants' officers, directors or managing agents had advance knowledge that its employees were unfit for the purposes of their employment, and that their policies and procedures were insufficient and hazardous to the health and safety of guests and patients, and employed the employees and effected the policies and procedures with a conscious disregard of the rights or safety of others.

26.   Defendants expressly authorized or ratified the wrongful acts of its employees.

27.   Defendants are guilty of oppression, fraud or malice, express or implied.

28.   Plaintiff has incurred damages in excess of $15,000.

//

//

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

**May 28, 2018 – Trip and Fall at Callville Bay Marina**

29.    Defendants CALLVILLE BAY RESORT & MARINA and FOREVER RESORTS LLC (collectively, "CALLVILLE BAY MARINA") own, operate, manage and control the structure and docks known commonly as the Callville Bay Marina in Overton, Nevada.

30.    At all the times hereinafter mentioned, Defendant CALLVILLE BAY MARINA was in control of the management of said marina and was "proprietor" thereof.

31.    Defendant CALLVILLE BAY MARINA employed attendants and maintenance staff, to attend the common areas and docks of the above-mentioned premises at CALLVILLE BAY MARINA, to assist persons lawfully using said premises, and to maintain the facilities.

32.    Defendant held out the aforesaid premises to the public, as a marina and resort.

33.    On May 28, 2018, at approximately 8:00pm, GOODRICH was returning with a party on a slip customer's boat and was walking on a dock at Callville Bay Marina, when he tripped over a loose power cord that was attached only in sections along the wooden dock.

34.    The area was also poorly lit with a corroded light above.

35.    GOODRICH caught his foot on the loose power cord and fell off the dock, hitting his head on a wood log and knocked unconscious, then landed face down in the water.

36.    GOODRICH's friend and his wife ran over and jumped in, pulled him out, performed CPR and got emergency help.



37.    GOODRICH suffered a head wound and aspirated a large amount of water. GOODRICH spent three days in two different hospitals for emergency care.

38.    Defendants knew or should have known that there was a loosely attached power cord along the dock and that it was a hazard to invitees.

39.    There were no caution signs or warnings of power cord.

40. There were no warnings that the dock was in an unsafe or hazardous condition from loose, dangling or unmaintained power cords.

41. The doctrine of *res ipsa loquitur* is applicable to Plaintiff's action against Defendants herein, in that at the time that Plaintiff fell, the dock was under the exclusive control of Defendants. If Defendants had maintained the dock with reasonable care, instead of in a negligent manner, then, in the ordinary course, Plaintiff would not have fallen as alleged herein.

42. Plaintiff suffered physical injuries as a result of the fall, suffered pain and has lost mobility. Plaintiff continues to suffer and will suffer pain from the injuries in the incident.

43. Notably, on December 16, 2019, GOODRICH underwent a cervical anterior decompression and fusion surgery.

44. Plaintiff suffered economic losses and adverse employment effects from the incident.

45. Defendants' officers, directors or managing agents had advance knowledge that its employees were unfit for the purposes of their employment, and that their policies and procedures were insufficient and hazardous to the health and safety of guests and patients, and employed the employees and effected the policies and procedures with a conscious disregard of the rights or safety of others.

46. Defendants expressly authorized or ratified the wrongful acts of its employees.

47. Defendants are guilty of oppression, fraud or malice, express or implied.

48. Plaintiff has incurred damages in excess of $15,000.

## FIRST CLAIM FOR RELIEF

*(Negligence Against GRG Enterprises, LLC)*

49. Plaintiff hereby repeats and alleges all previous paragraphs, as though fully set forth herein.

50. Plaintiff fell as aforesaid, by reason of the negligence of the Defendants in failing to clean and properly maintain the chairs of MACKENZIE RIVER; in maintaining said chair that GOODRICH used in a condition dangerous to the life and limb of persons lawfully using same, in that they failed to repair their seating; in maintaining said chair in a slippery condition, dangerous to the life and limb of persons using the same; in failing to use proper maintenance standards, and to exercise proper care, or to remedy the slippery or wobbly condition of the chairs of the aforesaid premises appropriate

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

1   adhesives, tension of bolts or screws, position of pegs, coatings.

2   51.   Defendants failed to maintain the chairs of their facility in reasonably safe condition for use.

3   52.   Defendants knew that broken equipment, employees or other customers might cause chairs to

4   loosen, slide, tip, rock or wobble and cause a danger to Plaintiff that was foreseeable.

5   53.   Defendants and its attendants failed to take reasonable precautions against the foreseeable

6   dangerous condition caused by employees or other guests.

7   54.   Upon information and belief, Defendants knew of prior incidents of similar dangerous

8   conditions of loose, sliding, tipping, rocking or wobbling chairs being caused on the premises caused

9   by broken equipment, employees or other customers.

10   55.   Defendants knew or should have known about the condition of the loose, sliding, tipping,

11   rocking or wobbling chairs.

12   56.   As a result of Defendants' negligence, Plaintiff suffered physical and emotional pain.

13   57.   As such, Defendant is responsible for damages in excess of $15,000.00.

14   58.   Because of Defendants' acts or omissions, Plaintiff has been required to incur further attorneys'

15   fees and costs in bringing this action and request that the Court grant said fees and costs.

16

17                                    **SECOND CLAIM FOR RELIEF**

18   *(Negligence Against CALLVILLE BAY RESORT & MARINA and FOREVER RESORTS, LLC)*

19   59.   Plaintiff hereby repeats and alleges all previous paragraphs, as though fully set forth herein.

20   60.   Plaintiff fell as aforesaid, by reason of the negligence of the Defendants in failing to clear and

21   maintain the grounds of said premises of CALLVILLE BAY MARINA; in maintaining said dock in a

22   condition dangerous to the life and limb of persons lawfully using same, in that they failed to clear the

23   dock of cords, debris and hazards to pedestrians and to maintain and cleaning the overhead lighting; in

24   maintaining said dock in a condition fraught with obstacles and tripping hazards; in maintain the

25   lighting of the dock in a dim, poorly lit condition dangerous to the life and limb of persons using the

26   same; in failing to use proper cleaning and maintenance standards, and to exercise proper care, or to

27   remedy the hazardous condition of the dock to the aforesaid premises by removing loose cords,

28   applying covers to cords, not leaving cords loose or dangling, by cleaning and repairing the overhead

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

1  lighting or with warning signs and cones.

2  61.    Defendants failed to maintain the dock of their facility in reasonably safe condition for use.

3  62.    Defendants knew that broken equipment, employees or other customers might cause power

4  cords to become slack, loose, unattached or dangling and cause a danger to Plaintiff that was

5  foreseeable.

6  63.    Further, Defendants knew that broken equipment, employees or other customers might cause

7  lighting to fail, become corroded, or darken areas of the docks and cause a danger to Plaintiff that was

8  foreseeable.

9  64.    Defendants and its attendants failed to take reasonable precautions against the foreseeable

10  dangerous condition caused by employees or other guests.

11  65.    Upon information and belief, Defendants knew of prior incidents of similar dangerous

12  conditions of power cords to become slack, loose, unattached or dangling on the docks being caused

13  on the premises caused by broken equipment, employees or other customers.

14  66.    Further, upon information and belief, Defendants knew of prior incidents of similar dangerous

15  conditions of poorly lit areas being caused on the premises caused by broken equipment, employees or

16  other customers.

17  67.    Defendants knew or should have known about the condition of the dock.

18  68.    As a result of Defendants' negligence, Plaintiff has suffered physical and emotional pain.

19  69.    As such, Defendant is responsible for damages in excess of $15,000.00.

20  70.    Because of Defendants' acts or omissions, Plaintiff has been required to incur further attorneys'

21  fees and costs in bringing this action and request that the Court grant said fees and costs.

22

23  …

24      WHEREFORE, Plaintiff is entitled to judgment in his favor and against Defendants, jointly and

25  severally, as follows:

26  1.  For judgment for general and special damages in an amount in excess of $15,000.00;

27  2.  For all costs and all attorneys' fees incurred and accrued in these proceedings;

28  3.  For interest thereon at the legal rate until paid in full;

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

4. For punitive damages in an amount to be determined by this court; and

5. For such other and further relief as the Court may deem just and proper.

Dated March 1, 2020.                                    RYAN ALEXANDER, CHTD.

RYAN ALEXANDER
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
*Attorney for Plaintiff*

## DISTRICT COURT CIVIL COVER SHEET

**Clark** _____ County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

**CASE NO: A-20-811430-C**
**Department 30**

### I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Shaun Goodrich | GRG Enterprises, LLC |
| | Callville Bay Resort & Marina |
| | Forever Resorts LLC |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Ryan Alexander, Esq. • NV Bar No. 10845 | |
| RYAN ALEXANDER, CHTD. | |
| 3017 W. Charleston Blvd. Ste. 58, Las Vegas, NV 89 | |
| Phone: (702) 868-3311 Fax: (702) 822-1133 | |

### II. Nature of Controversy *(please select the one most applicable filing type below)*

**Civil Case Filing Types**

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☑ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside ☐ Surviving Spouse | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Greater than $300,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ $200,000-$300,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ $100,001-$199,999 | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ $25,001-$100,000 | | |
| ☐ $20,001-$25,000 | | |
| ☐ $2,501-20,000 | | |
| ☐ $2,500 or less | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

3/1/2020
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

Form PA 201
Rev 3.1

Electronically Filed
3/1/2020 11:15 PM
Steven D. Grierson
CLERK OF THE COURT

IAFD
RYAN ALEXANDER
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
*Attorney for Plaintiff*

CASE NO: A-20-811430-C
Department 30

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

SHAUN GOODRICH, an Individual;

   Plaintiff,

  v.

GRG ENTERPRISES, LLC, a Montana Limited
Liability Company doing business as
MACKENZIE RIVER; CALLVILLE BAY
RESORT & MARINA, a Nevada Entity;
FOREVER RESORTS LLC, an Arizona Limited
Liability Company; DOES I-X, unknown
persons; and ROE Corporations I-X;

   Defendants.

Case No.:
Dept. No.:

**INITIAL APPEARANCE FEE**
**DISCLOSURE**

  Pursuant to Nevada Revised Statutes, Chapter 19, filing fees are submitted herewith for parties appearing in the above-entitled action as indicated below:

<u>SHAUN GOODRICH</u>     $ 270.00
**TOTAL REMITTED:**    $ 270.00

Dated March 1, 2020.      RYAN ALEXANDER, CHTD.

             RYAN ALEXANDER
             Nevada Bar No. 10845
             3017 West Charleston Blvd., Ste. 58
             Las Vegas, NV 89102
             *Attorney for Plaintiff*

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

1

Electronically Filed
3/13/2020 9:59 AM
Steven D. Grierson
CLERK OF THE COURT

# PROOF OF SERVICE

Job #8659

**Case Info:**

---

**PLAINTIFF:**
SHAUN GOODRICH, an Individual;
-versus-

**DEFENDANT:**
GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing business as MACKENZIE RIVER; CALLVILLE BAY RESORT & MARINA, a Nevada Entity; FOREVER RESORT LLC, an Arizona Limited Liability Company; DOES I-X, unknown persons; and ROE Corporations I-X;

District Court
Court Division: Dept. No.: 30
County of Clark, Nevada

Issuance Date: 3/2/2020 Court Case # **A-20-811430-C**

**Service Info:**

---

**Date Received: 3/2/2020 at 10:08 AM**
**Service:** I Served **CALLVILLE BAY RESORT & MARINA, a Nevada Entity**
**With: SUMMONS; COMPLAINT; CIVIL COVERSHEET; IAFD**
by leaving with **Bruce Reilly, MANAGER**

**At Business 100 CALLVILLE MARINA RD., LAS VEGAS, NV 89124**

Latitude: **36.142137**
Longitude: **-114.722576**

On **3/12/2020** at **02:43 PM**
**Manner of Service: BUSINESS**
**SERVED:** by delivering a true copy of this **SUMMONS; COMPLAINT; CIVIL COVERSHEET; IAFD** to: **Bruce Reilly , MANAGER** at the address of: **100 Callville Marina Rd., Las Vegas, NV 89124** of the named person's usual place of place of business with an authorized person according to NV Rules of Civil Procedure.

**Served Description: (Approx)**

---

Age: **50**, Sex: **Male**, Race: **White-Caucasian**, Height: **5' 11"**, Weight: **200**, Hair: **Gray** Glasses: **No**

I **Jacqueline T. Kohler** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein this process was served and I have no interest in the above action. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Server: _____  3/12/20
**Jacqueline T. Kohler**
**Jacqueline T. Kohler, Lic # R-097043**
**LV Process and Investigations, LLC**
License #2039
10829 Whipple Crest Ave.
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **8659**





1 of 1

Electronically Filed
3/13/2020 9:59 AM
Steven D. Grierson
CLERK OF THE COURT
Job # 8660

# PROOF OF SERVICE

## Case Info:

**PLAINTIFF:**
SHAUN GOODRICH, an Individual;
-versus-
**DEFENDANT:**
GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing
business as MACKENZIE RIVER; CALLVILLE BAY RESORT & MARINA,
a Nevada Entity; FOREVER RESORT LLC, an Arizona Limited Liability
Company; DOES I-X, unknown persons; and ROE Corporations I-X;

District Court
Court Division: Dept. No.: 30
County of Clark, Nevada

Issuance Date: 3/2/2020 Court Case # **A-20-811430-C**

## Service Info:

**Date Received: 3/2/2020** at **10:08 AM**
**Service:** I Served **FOREVER RESORT LLC, an Arizona Limited Liability Company**
**With: SUMMONS; COMPLAINT; CIVIL COVERSHEET; IAFD**
by leaving with **Bruce Reilly, MANAGER**

**At Business 100 CALLVILLE MARINA RD., LAS VEGAS, NV 89124**

Latitude: **36.142137**
Longitude: **-114.722576**

On **3/12/2020** at **02:43 PM**
**Manner of Service: BUSINESS**
**SERVED:** by delivering a true copy of this **SUMMONS; COMPLAINT; CIVIL COVERSHEET; IAFD** to: **Bruce Reilly , MANAGER**
at the address of: **100 Callville Marina Rd., Las Vegas, NV 89124** of the named person's usual place of place of business with an
authorized person according to NV Rules of Civil Procedure.

## Served Description:  (Approx)

Age: **50**, Sex: **Male**, Race: **White-Caucasian**, Height: **5' 11"**, Weight: **200**, Hair: **Gray** Glasses:  **No**

I **Jacqueline T. Kohler** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein this process
was served and I have no interest in the above action. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Server: _____ 3/12/20
**Jacqueline T. Kohler**
**Jacqueline T. Kohler,** Lic # **R-097043**
**LV Process and Investigations, LLC**
License #2039
10829 Whipple Crest Ave.
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **8660**




Case Number: A-20-811430-C



# EXHIBIT C

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

SHAUN GOODRICH, an Individual;

Plaintiff,

v.

GRG ENTERPRISES, LLC, a Montana Limited
Liability Company doing business as
MACKENZIE RIVER; CALLVILLE BAY
RESORT & MARINA, a Nevada Entity;
FOREVER RESORTS LLC, an Arizona Limited
Liability Company; DOES I-X, unknown persons;
and ROE Corporations I-X;

Defendants.

Case No. CASE NO: A-20-811430-C
Dept. No.:               Department 30

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.
READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):**   A civil Complaint has been filed by the Plaintiff(s) against you for the relief
set forth in the Complaint.

1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of
the day of service, you must do the following:

   (a)    File with the Clerk of this Court, whose address is shown below, a formal written response to
   the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

   (b)    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so
respond will result in a judgment of default against you for the relief demanded in Complaint, which could
result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your
response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members,
commission members and legislators each have 45 days after service of this Summons within which to file an
Answer or other responsive pleading to the Complaint.

Dated this ___ day of _____ 2020.

STEVEN D. GRIERSON
CLERK OF THE COURT

_Marie Kramer_                3/2/2020
Marie Kramer

Issued at the request of:
RYAN ALEXANDER, CHTD.

RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102

*RYAN ALEXANDER, CHTD.*
*3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102*

1

Electronically Filed
3/1/2020 11:15 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
RYAN ALEXANDER
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
*Attorney for Plaintiff*

CASE NO: A-20-811430-C
Department 30

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHAUN GOODRICH, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing business as MACKENZIE RIVER; CALLVILLE BAY RESORT & MARINA, a Nevada Entity; FOREVER RESORTS LLC, an Arizona Limited Liability Company; DOES I-X, unknown persons; and ROE Corporations I-X;<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT**<br><br>**CAUSES OF ACTION:**<br>    **(1) Negligence**<br>    **(2) Negligence** |

COMES NOW, Plaintiff SHAUN GOODRICH ("Plaintiff," "GOODRICH"), by and through

his attorney of record, Ryan Alexander, Esq., as and for his Complaint against Defendants

MACKENZIE RIVER LLC, a Delaware Limited Liability Company doing business as MACKENZIE

RIVER ("MACKENZIE RIVER"), DOES I through X, inclusive, and ROE CORPORATIONS I-X,

inclusive (collectively, "Defendants"), and hereby complains, alleges and states as follows:

**PARTIES**

1. Plaintiff SHAUN GOODRICH is an individual who resides in Clark County, Nevada.

2. Defendant GRG ENTERPRISES, LLC ("MACKENZIE RIVER") is a Montana Limited Liability

Company doing business as "MacKenzie River Pizza, Grill & Pub" in Clark County, Nevada.

3. Defendant CALLVILLE BAY RESORT & MARINA is a Nevada association entity doing business

as "Callville Bay Resort & Marina" in Clark County, Nevada.

4. Defendant FOREVER RESORTS, LLC is an Arizona limited liability company doing business as

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

1  "Callville Bay Marina" in Clark County, Nevada.

2  5. The true names and capacities, whether individual, corporate, associate or otherwise of other

3  Defendant hereinafter designated as DOES I-X, inclusive, and/or ROE CORPORATIONS I-X,

4  inclusive, who are in some manner responsible for injuries described herein, are unknown at this time.

5  Plaintiff, therefore, sues said Defendant by such fictitious names and will seek leave of the Court to

6  amend this Complaint to show their true names and capacities when ascertained.

7  6. Upon information and belief, at all times pertinent, Defendants were agents, servants, employees or

8  joint venturers of every other Defendant herein, and at all time mentioned hereinafter were acting

9  within the scope and course of said agency, employment, or joint venture, with knowledge and

10  permission and consent of all other Defendants.

11  7. The Defendants are jointly and severally liable for each defendant's actions.

12

13  **VENUE AND JURISDICTION**

14  8. Venue is proper in Clark County, Nevada pursuant to NRS 13.040.

15  9. Jurisdiction by this Court over each Defendant in this civil action is proper pursuant to NRS 14.065.

16  10.    The incidents for which Plaintiff complains and for which Defendants are liable arises out of

17  negligence of GRG ENTERPRISES, LLC, CALLVILLE BAY RESORT & MARINA and FOREVER

18  RESORTS, LLC, which are doing business in Clark County, Nevada.

19

20  **GENERAL ALLEGATIONS**

21  **March 11, 2018 - Fall at MacKenzie River**

22  11.    Defendant MACKENZIE RIVER owns, operates, manages and controls the restaurant known

23  as MacKenzie River Pizza, Grill & Pub at 1550 S. Pavillion Center Drive in Las Vegas, Nevada.

24  12.    At all the times hereinafter mentioned, Defendant MACKENZIE RIVER was in control of the

25  management of said restaurant and Defendant held itself out to the public by the as the proprietor.

26  13.    Defendant MACKENZIE RIVER employed managers and attendants, to attend the common

27  areas and seating area of the above-mentioned premises at MacKenzie River Pizza, Grill & Pub, to

28  assist persons lawfully using said premises, and to maintain the facilities.

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

14.   Defendant held out the aforesaid premises to the public, as a pizzeria chain restaurant.

15.   On March 11, 2018, GOODRICH was a customer at MACKENZIE RIVER, seated in a chair.

16.   As GOODRICH was seated, the chair either became loose, slipped, tipped, rocked or wobbled.

17.   GOODRICH fell to the floor.

18.   GOODRICH was helped up to a chair and was then transported by ambulance to a hospital.

19.   Defendants knew or should have known that there was a loose, sliding, tipping, rocking or wobbling chair and that it was a hazard to invitees.

20.   There were no caution signs or warnings of loose, sliding, tipping, rocking or wobbling chairs.

21.   There were no warnings that the chair was in an unsafe condition.

22.   The doctrine of *res ipsa loquitur* is applicable to Plaintiff's action against Defendants herein, in that at the time that Plaintiff fell, the chair was under the exclusive control of Defendants.  If Defendants had maintained the chair with reasonable care, instead of in a negligent manner, then, in the ordinary course, Plaintiff would not have fallen as alleged herein.

23.   Plaintiff has suffered physical injuries as a result of the fall, and suffered pain and has lost mobility.  Plaintiff continues to suffer and will suffer pain from the injuries in the incident.

24.   Plaintiff suffered economic losses and adverse employment effects from the incident.

25.   Defendants' officers, directors or managing agents had advance knowledge that its employees were unfit for the purposes of their employment, and that their policies and procedures were insufficient and hazardous to the health and safety of guests and patients, and employed the employees and effected the policies and procedures with a conscious disregard of the rights or safety of others.

26.   Defendants expressly authorized or ratified the wrongful acts of its employees.

27.   Defendants are guilty of oppression, fraud or malice, express or implied.

28.   Plaintiff has incurred damages in excess of $15,000.

//

//

**May 28, 2018 – Trip and Fall at Callville Bay Marina**

29.     Defendants CALLVILLE BAY RESORT & MARINA and FOREVER RESORTS LLC (collectively, "CALLVILLE BAY MARINA") own, operate, manage and control the structure and docks known commonly as the Callville Bay Marina in Overton, Nevada.

30.     At all the times hereinafter mentioned, Defendant CALLVILLE BAY MARINA was in control of the management of said marina and was "proprietor" thereof.

31.     Defendant CALLVILLE BAY MARINA employed attendants and maintenance staff, to attend the common areas and docks of the above-mentioned premises at CALLVILLE BAY MARINA, to assist persons lawfully using said premises, and to maintain the facilities.

32.     Defendant held out the aforesaid premises to the public, as a marina and resort.

33.     On May 28, 2018, at approximately 8:00pm, GOODRICH was returning with a party on a slip customer's boat and was walking on a dock at Callville Bay Marina, when he tripped over a loose power cord that was attached only in sections along the wooden dock.

34.     The area was also poorly lit with a corroded light above.



35.     GOODRICH caught his foot on the loose power cord and fell off the dock, hitting his head on a wood log and knocked unconscious, then landed face down in the water.

36.     GOODRICH's friend and his wife ran over and jumped in, pulled him out, performed CPR and got emergency help.

37.     GOODRICH suffered a head wound and aspirated a large amount of water. GOODRICH spent three days in two different hospitals for emergency care.

38.     Defendants knew or should have known that there was a loosely attached power cord along the dock and that it was a hazard to invitees.

39.     There were no caution signs or warnings of power cord.

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

40. There were no warnings that the dock was in an unsafe or hazardous condition from loose, dangling or unmaintained power cords.

41. The doctrine of *res ipsa loquitur* is applicable to Plaintiff's action against Defendants herein, in that at the time that Plaintiff fell, the dock was under the exclusive control of Defendants.  If Defendants had maintained the dock with reasonable care, instead of in a negligent manner, then, in the ordinary course, Plaintiff would not have fallen as alleged herein.

42. Plaintiff suffered physical injuries as a result of the fall, suffered pain and has lost mobility. Plaintiff continues to suffer and will suffer pain from the injuries in the incident.

43. Notably, on December 16, 2019, GOODRICH underwent a cervical anterior decompression and fusion surgery.

44. Plaintiff suffered economic losses and adverse employment effects from the incident.

45. Defendants' officers, directors or managing agents had advance knowledge that its employees were unfit for the purposes of their employment, and that their policies and procedures were insufficient and hazardous to the health and safety of guests and patients, and employed the employees and effected the policies and procedures with a conscious disregard of the rights or safety of others.

46. Defendants expressly authorized or ratified the wrongful acts of its employees.

47. Defendants are guilty of oppression, fraud or malice, express or implied.

48. Plaintiff has incurred damages in excess of $15,000.

## FIRST CLAIM FOR RELIEF

*(Negligence Against GRG Enterprises, LLC)*

49. Plaintiff hereby repeats and alleges all previous paragraphs, as though fully set forth herein.

50. Plaintiff fell as aforesaid, by reason of the negligence of the Defendants in failing to clean and properly maintain the chairs of MACKENZIE RIVER; in maintaining said chair that GOODRICH used in a condition dangerous to the life and limb of persons lawfully using same, in that they failed to repair their seating; in maintaining said chair in a slippery condition, dangerous to the life and limb of persons using the same; in failing to use proper maintenance standards, and to exercise proper care, or to remedy the slippery or wobbly condition of the chairs of the aforesaid premises appropriate

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

adhesives, tension of bolts or screws, position of pegs, coatings.

51.     Defendants failed to maintain the chairs of their facility in reasonably safe condition for use.

52.     Defendants knew that broken equipment, employees or other customers might cause chairs to loosen, slide, tip, rock or wobble and cause a danger to Plaintiff that was foreseeable.

53.     Defendants and its attendants failed to take reasonable precautions against the foreseeable dangerous condition caused by employees or other guests.

54.     Upon information and belief, Defendants knew of prior incidents of similar dangerous conditions of loose, sliding, tipping, rocking or wobbling chairs being caused on the premises caused by broken equipment, employees or other customers.

55.     Defendants knew or should have known about the condition of the loose, sliding, tipping, rocking or wobbling chairs.

56.     As a result of Defendants' negligence, Plaintiff suffered physical and emotional pain.

57.     As such, Defendant is responsible for damages in excess of $15,000.00.

58.     Because of Defendants' acts or omissions, Plaintiff has been required to incur further attorneys' fees and costs in bringing this action and request that the Court grant said fees and costs.

## SECOND CLAIM FOR RELIEF

*(Negligence Against CALLVILLE BAY RESORT & MARINA and FOREVER RESORTS, LLC)*

59.     Plaintiff hereby repeats and alleges all previous paragraphs, as though fully set forth herein.

60.     Plaintiff fell as aforesaid, by reason of the negligence of the Defendants in failing to clear and maintain the grounds of said premises of CALLVILLE BAY MARINA; in maintaining said dock in a condition dangerous to the life and limb of persons lawfully using same, in that they failed to clear the dock of cords, debris and hazards to pedestrians and to maintain and cleaning the overhead lighting; in maintaining said dock in a condition fraught with obstacles and tripping hazards; in maintain the lighting of the dock in a dim, poorly lit condition dangerous to the life and limb of persons using the same; in failing to use proper cleaning and maintenance standards, and to exercise proper care, or to remedy the hazardous condition of the dock to the aforesaid premises by removing loose cords, applying covers to cords, not leaving cords loose or dangling, by cleaning and repairing the overhead

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

1    lighting or with warning signs and cones.

2    61.    Defendants failed to maintain the dock of their facility in reasonably safe condition for use.

3    62.    Defendants knew that broken equipment, employees or other customers might cause power

4    cords to become slack, loose, unattached or dangling and cause a danger to Plaintiff that was

5    foreseeable.

6    63.    Further, Defendants knew that broken equipment, employees or other customers might cause

7    lighting to fail, become corroded, or darken areas of the docks and cause a danger to Plaintiff that was

8    foreseeable.

9    64.    Defendants and its attendants failed to take reasonable precautions against the foreseeable

10   dangerous condition caused by employees or other guests.

11   65.    Upon information and belief, Defendants knew of prior incidents of similar dangerous

12   conditions of power cords to become slack, loose, unattached or dangling on the docks being caused

13   on the premises caused by broken equipment, employees or other customers.

14   66.    Further, upon information and belief, Defendants knew of prior incidents of similar dangerous

15   conditions of poorly lit areas being caused on the premises caused by broken equipment, employees or

16   other customers.

17   67.    Defendants knew or should have known about the condition of the dock.

18   68.    As a result of Defendants' negligence, Plaintiff has suffered physical and emotional pain.

19   69.    As such, Defendant is responsible for damages in excess of $15,000.00.

20   70.    Because of Defendants' acts or omissions, Plaintiff has been required to incur further attorneys'

21   fees and costs in bringing this action and request that the Court grant said fees and costs.

22

23   ...

24        WHEREFORE, Plaintiff is entitled to judgment in his favor and against Defendants, jointly and

25   severally, as follows:

26   1.    For judgment for general and special damages in an amount in excess of $15,000.00;

27   2.    For all costs and all attorneys' fees incurred and accrued in these proceedings;

28   3.    For interest thereon at the legal rate until paid in full;

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

7

4. For punitive damages in an amount to be determined by this court; and

5. For such other and further relief as the Court may deem just and proper.

Dated March 1, 2020.

RYAN ALEXANDER, CHTD.

RYAN ALEXANDER
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
*Attorney for Plaintiff*

## DISTRICT COURT CIVIL COVER SHEET

**Clark** _____ County, Nevada

Case No. _____
_(Assigned by Clerk's Office)_

**CASE NO: A-20-811430-C**
**Department 30**

### I. Party Information _(provide both home and mailing addresses if different)_

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Shaun Goodrich | GRG Enterprises, LLC |
| | Callville Bay Resort & Marina |
| | Forever Resorts LLC |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Ryan Alexander, Esq. • NV Bar No. 10845 | |
| RYAN ALEXANDER, CHTD. | |
| 3017 W. Charleston Blvd. Ste. 58, Las Vegas, NV 89 | |
| Phone: (702) 868-3311 Fax: (702) 822-1133 | |

### II. Nature of Controversy _(please select the one most applicable filing type below)_

#### Civil Case Filing Types

| Real Property | Torts |
|---|---|
| **Landlord/Tenant** | **Negligence** · **Other Torts** |
| ☐ Unlawful Detainer · ☐ Auto · ☐ Product Liability |
| ☐ Other Landlord/Tenant · ☐ Premises Liability · ☐ Intentional Misconduct |
| **Title to Property** · ☐ Other Negligence · ☐ Employment Tort |
| ☐ Judicial Foreclosure · **Malpractice** · ☐ Insurance Tort |
| ☐ Other Title to Property · ☐ Medical/Dental · ☐ Other Tort |
| **Other Real Property** · ☐ Legal |
| ☐ Condemnation/Eminent Domain · ☐ Accounting |
| ☐ Other Real Property · ☐ Other Malpractice |

Real Property — Landlord/Tenant:
- ☐ Unlawful Detainer
- ☐ Other Landlord/Tenant

Title to Property:
- ☐ Judicial Foreclosure
- ☐ Other Title to Property

Other Real Property:
- ☐ Condemnation/Eminent Domain
- ☐ Other Real Property

Negligence:
- ☐ Auto
- ☒ Premises Liability
- ☐ Other Negligence

Malpractice:
- ☐ Medical/Dental
- ☐ Legal
- ☐ Accounting
- ☐ Other Malpractice

Other Torts:
- ☐ Product Liability
- ☐ Intentional Misconduct
- ☐ Employment Tort
- ☐ Insurance Tort
- ☐ Other Tort

**Probate** _(select case type and estate value)_
- ☐ Summary Administration
- ☐ General Administration
- ☐ Special Administration
- ☐ Set Aside · ☐ Surviving Spouse
- ☐ Trust/Conservatorship
- ☐ Other Probate

**Estate Value**
- ☐ Greater than $300,000
- ☐ $200,000-$300,000
- ☐ $100,001-$199,999
- ☐ $25,001-$100,000
- ☐ $20,001-$25,000
- ☐ $2,501-20,000
- ☐ $2,500 or less

**Construction Defect**
- ☐ Chapter 40
- ☐ Other Construction Defect

**Contract Case**
- ☐ Uniform Commercial Code
- ☐ Building and Construction
- ☐ Insurance Carrier
- ☐ Commercial Instrument
- ☐ Collection of Accounts
- ☐ Employment Contract
- ☐ Other Contract

**Judicial Review**
- ☐ Foreclosure Mediation Case
- ☐ Petition to Seal Records
- ☐ Mental Competency

**Nevada State Agency Appeal**
- ☐ Department of Motor Vehicle
- ☐ Worker's Compensation
- ☐ Other Nevada State Agency

**Appeal Other**
- ☐ Appeal from Lower Court
- ☐ Other Judicial Review/Appeal

**Civil Writ**
- ☐ Writ of Habeas Corpus
- ☐ Writ of Mandamus
- ☐ Writ of Quo Warrant
- ☐ Writ of Prohibition
- ☐ Other Civil Writ

**Other Civil Filing**
- ☐ Compromise of Minor's Claim
- ☐ Foreign Judgment
- ☐ Other Civil Matters

_Business Court filings should be filed using the Business Court civil coversheet._

3/1/2020
_____
Date

_____
Signature of initiating party or representative

_See other side for family-related case filings._

Electronically Filed
3/1/2020 11:15 PM
Steven D. Grierson
CLERK OF THE COURT

IAFD
RYAN ALEXANDER
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
*Attorney for Plaintiff*

**CASE NO: A-20-811430-C**
**Department 30**

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHAUN GOODRICH, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing business as MACKENZIE RIVER; CALLVILLE BAY RESORT & MARINA, a Nevada Entity; FOREVER RESORTS LLC, an Arizona Limited Liability Company; DOES I-X, unknown persons; and ROE Corporations I-X;<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br>**INITIAL APPEARANCE FEE DISCLOSURE** |

Pursuant to Nevada Revised Statutes, Chapter 19, filing fees are submitted herewith for parties appearing in the above-entitled action as indicated below:

<u>SHAUN GOODRICH</u>                               $ 270.00
**TOTAL REMITTED:**                               $ 270.00

Dated March 1, 2020.                    RYAN ALEXANDER, CHTD.

RYAN ALEXANDER
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
*Attorney for Plaintiff*

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

Electronically Filed
3/5/2020 8:47 AM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

Job # 8654

## Case Info:

**PLAINTIFF:**
SHAUN GOODRICH, an Individual;
   -versus-
**DEFENDANT:**
GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing
business as MACKENZIE RIVER; CALLVILLE BAY RESORT & MARINA,
a Nevada Entity; FOREVER RESORT LLC, an Arizona Limited Liability
Company; DOES I-X, unknown persons; and ROE Corporations I-X;

District Court
Court Division: Dept. No.: 30
County of Clark, Nevada

Issuance Date: 3/2/2020 Court Case # **A-20-811430-C**

## Service Info:

**Date Received: 3/2/2020** at **10:08 AM**
**Service:** I Served **GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing business as MACKENZIE RIVER**
With: **SUMMONS; COMPLAINT; CIVIL COVER SHEET; INITIAL APPEARANCE FEE DISCLOSURE**
by leaving with **William C. Hagin, REGISTERED AGENT**

**At Business 284 FLATHEAD AVE., SUITE 200, WHITEFISH, MT 59937**
On **3/3/2020** at **10:05 AM**
**Manner of Service: CORPORATE**
Corporate Service was performed by delivering a true copy to designated person to accept.

I **ROBERT WALKER** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process
was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document
and that the facts stated in it are true.

Signature of Server:                                          Mar-3-2020
**ROBERT WALKER**

**ROBERT WALKER**
P.O. BOX 4300
Whitefish, MT 59937

Job # 8657

SUBSCRIBED AND SWORN to before me this 3 day of March ,2020 by Robert Walker ,
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC for the state of Montana



SIERRA BAKER
NOTARY PUBLIC for the
State of Montana
Residing at Kalispell, Montana
My Commission Expires
January 13, 2024





Case Number: A-20-811430-C

Electronically Filed
3/13/2020 9:59 AM
Steven D. Grierson
CLERK OF THE COURT

# PROOF OF SERVICE

Job #8659

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:**<br>SHAUN GOODRICH, an Individual;<br>-versus-<br>**DEFENDANT:**<br>GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing business as MACKENZIE RIVER; CALLVILLE BAY RESORT & MARINA, a Nevada Entity; FOREVER RESORT LLC, an Arizona Limited Liability Company; DOES I-X, unknown persons; and ROE Corporations I-X; | District Court<br>Court Division: Dept. No.: 30<br>County of Clark, Nevada<br><br>Issuance Date: 3/2/2020 Court Case # **A-20-811430-C** |

**Service Info:**

**Date Received: 3/2/2020** at **10:08 AM**
**Service:** I Served **CALLVILLE BAY RESORT & MARINA, a Nevada Entity**
With: **SUMMONS; COMPLAINT; CIVIL COVERSHEET; IAFD**
by leaving with **Bruce Reilly, MANAGER**

**At Business 100 CALLVILLE MARINA RD., LAS VEGAS, NV 89124**

Latitude: **36.142137**
Longitude: **-114.722576**

On **3/12/2020** at **02:43 PM**
**Manner of Service: BUSINESS**
**SERVED:** by delivering a true copy of this **SUMMONS; COMPLAINT; CIVIL COVERSHEET; IAFD** to: **Bruce Reilly , MANAGER** at the address of: **100 Callville Marina Rd., Las Vegas, NV 89124** of the named person's usual place of place of business with an authorized person according to NV Rules of Civil Procedure.

**Served Description:  (Approx)**

Age: **50**, Sex: **Male**, Race: **White-Caucasian**, Height: **5' 11"**, Weight: **200**, Hair: **Gray** Glasses:  **No**

I **Jacqueline T. Kohler** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein this process was served and I have no interest in the above action. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Server:_____   3/12/20
**Jacqueline T. Kohler**
**Jacqueline T. Kohler, Lic # R-097043**
**LV Process and Investigations, LLC**
License #2039
10829 Whipple Crest Ave.
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **8659**




1 of 1

Electronically Filed
3/13/2020 9:59 AM
Steven D. Grierson
CLERK OF THE COURT

# PROOF OF SERVICE

Job # 8660

**Case Info:**

**PLAINTIFF:**
SHAUN GOODRICH, an Individual;
-versus-

**DEFENDANT:**
GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing business as MACKENZIE RIVER; CALLVILLE BAY RESORT & MARINA, a Nevada Entity; FOREVER RESORT LLC, an Arizona Limited Liability Company; DOES I-X, unknown persons; and ROE Corporations I-X;

District Court
Court Division: Dept. No.: 30
County of Clark, Nevada

Issuance Date: 3/2/2020 Court Case # **A-20-811430-C**

**Service Info:**

**Date Received: 3/2/2020 at 10:08 AM**
**Service:** I Served **FOREVER RESORT LLC, an Arizona Limited Liability Company**
With: **SUMMONS; COMPLAINT; CIVIL COVERSHEET; IAFD**
by leaving with **Bruce Reilly, MANAGER**

**At Business 100 CALLVILLE MARINA RD., LAS VEGAS, NV 89124**

Latitude: **36.142137**
Longitude: **-114.722576**

On **3/12/2020** at **02:43 PM**
**Manner of Service: BUSINESS**
**SERVED:** by delivering a true copy of this **SUMMONS; COMPLAINT; CIVIL COVERSHEET; IAFD** to: **Bruce Reilly , MANAGER** at the address of: **100 Callville Marina Rd., Las Vegas, NV 89124** of the named person's usual place of place of business with an authorized person according to NV Rules of Civil Procedure.

**Served Description: (Approx)**

Age: **50**, Sex: **Male**, Race: **White-Caucasian**, Height: **5' 11"**, Weight: **200**, Hair: **Gray** Glasses: **No**

I **Jacqueline T. Kohler** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein this process was served and I have no interest in the above action. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Server: _____ 3/12/20
**Jacqueline T. Kohler**
**Jacqueline T. Kohler**, Lic # **R-097043**
**LV Process and Investigations, LLC**
License #2039
10829 Whipple Crest Ave.
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **8660**




Case Number: A-20-811430-C

Electronically Filed
3/25/2020 4:33 PM
Steven D. Grierson
CLERK OF THE COURT

1  ACOM
   RYAN ALEXANDER
2  Nevada Bar No. 10845
   RYAN ALEXANDER, CHTD.
3  3017 West Charleston Blvd., Ste. 58
   Las Vegas, NV 89102
4  Phone: (702) 868-3311
   Fax: (702) 822-1133
5  *Attorney for Plaintiff*

6

7                        **DISTRICT COURT**
                      **CLARK COUNTY, NEVADA**
8

9  SHAUN GOODRICH, an Individual;          Case No.: A-20-811430-C
                                            Dept. No.: 30
          Plaintiffs,
10
       v.                                   **AMENDED COMPLAINT**
11
   GRG ENTERPRISES, LLC, a Montana Limited
12 Liability Company doing business as       **CAUSES OF ACTION:**
   MACKENZIE RIVER; CALLVILLE BAY               **(1) Negligence**
13 RESORT & MARINA, a Nevada Entity;           **(2) Negligence**
   FOREVER RESORTS LLC, an Arizona Limited
14 Liability Company; DOES I-X, unknown
   persons; and ROE Corporations I-X;
15
          Defendants.
16

17      COMES NOW, Plaintiff SHAUN GOODRICH ("Plaintiff," "GOODRICH"), by and through his

18 attorney of record, Ryan Alexander, Esq., as and for his Complaint against Defendants MACKENZIE

19 RIVER LLC, a Delaware Limited Liability Company doing business as MACKENZIE RIVER

20 ("MACKENZIE RIVER"), DOES I through X, inclusive, and ROE CORPORATIONS I-X, inclusive

21 (collectively, "Defendants"), and hereby complains, alleges and states as follows:

22                             **PARTIES**

23   1.  Plaintiff SHAUN GOODRICH is an individual who resides in Clark County, Nevada.

24   2.  Defendant GRG ENTERPRISES, LLC ("MACKENZIE RIVER") is a Montana Limited

25       Liability Company doing business as "MacKenzie River Pizza, Grill & Pub" in Clark County,

26       Nevada.

27   3.  Defendant CALLVILLE BAY RESORT & MARINA is a Nevada association entity doing

28       business as "Callville Bay Resort & Marina" in Clark County, Nevada.

*Left margin (vertical):* RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

4.  Defendant FOREVER RESORTS, LLC is an Arizona limited liability company doing business as "Callville Bay Marina" in Clark County, Nevada.

5.  The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as DOES I-X, inclusive, and/or ROE CORPORATIONS I-X, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time. Plaintiff, therefore, sues said Defendant by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

6.  Upon information and belief, at all times pertinent, Defendants were agents, servants, employees or joint venturers of every other Defendant herein, and at all time mentioned hereinafter were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other Defendants.

7.  The Defendants are jointly and severally liable for each defendant's actions.

## VENUE AND JURISDICTION

8.  Venue is proper in Clark County, Nevada pursuant to NRS 13.040.

9.  Jurisdiction by this Court over each Defendant in this civil action is proper pursuant to NRS 14.065.

10. The incidents for which Plaintiff complains and for which Defendants are liable arises out of negligence of GRG ENTERPRISES, LLC, CALLVILLE BAY RESORT & MARINA and FOREVER RESORTS, LLC, which are doing business in Clark County, Nevada.

## GENERAL ALLEGATIONS

**March 11, 2018 - Fall at MacKenzie River**

11. Defendant MACKENZIE RIVER owns, operates, manages and controls the restaurant known as MacKenzie River Pizza, Grill & Pub at 1550 S. Pavillion Center Drive in Las Vegas, Nevada.

12. At all the times hereinafter mentioned, Defendant MACKENZIE RIVER was in control of the management of said restaurant and Defendant held itself out to the public by the as the proprietor.

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

2

13. Defendant MACKENZIE RIVER employed managers and attendants, to attend the common areas and seating area of the above-mentioned premises at MacKenzie River Pizza, Grill & Pub, to assist persons lawfully using said premises, and to maintain the facilities.

14. Defendant held out the aforesaid premises to the public, as a pizzeria chain restaurant.

15. On March 11, 2018, GOODRICH was a customer at MACKENZIE RIVER, seated in a chair.

16. As GOODRICH was seated, the chair either became loose, slipped, tipped, rocked or wobbled.

17. GOODRICH fell to the floor.

18. GOODRICH was helped up to a chair and was then transported by ambulance to a hospital.

19. Defendants knew or should have known that there was a loose, sliding, tipping, rocking or wobbling chair and that it was a hazard to invitees.

20. There were no caution signs or warnings of loose, sliding, tipping, rocking or wobbling chairs.

21. There were no warnings that the chair was in an unsafe condition.

22. The doctrine of *res ipsa loquitur* is applicable to Plaintiff's action against Defendants herein, in that at the time that Plaintiff fell, the chair was under the exclusive control of Defendants. If Defendants had maintained the chair with reasonable care, instead of in a negligent manner, then, in the ordinary course, Plaintiff would not have fallen as alleged herein.

23. Plaintiff has suffered physical injuries as a result of the fall, and suffered pain and has lost mobility. Plaintiff continues to suffer and will suffer pain from the injuries in the incident.

24. Plaintiff suffered economic losses and adverse employment effects from the incident.

25. Defendants' officers, directors or managing agents had advance knowledge that its employees were unfit for the purposes of their employment, and that their policies and procedures were insufficient and hazardous to the health and safety of guests and patients, and employed the employees and effected the policies and procedures with a conscious disregard of the rights or safety of others.

26. Defendants expressly authorized or ratified the wrongful acts of its employees.

27. Plaintiff has incurred damages in excess of $15,000.

//

//

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

**May 28, 2018 – Trip and Fall at Callville Bay Marina**

28. Defendants CALLVILLE BAY RESORT & MARINA and FOREVER RESORTS LLC (collectively, "CALLVILLE BAY MARINA") own, operate, manage and control the structure and docks known commonly as the Callville Bay Marina in Overton, Nevada.

29. At all the times hereinafter mentioned, Defendant CALLVILLE BAY MARINA was in control of the management of said marina and was "proprietor" thereof.

30. Defendant CALLVILLE BAY MARINA employed attendants and maintenance staff, to attend the common areas and docks of the above-mentioned premises at CALLVILLE BAY MARINA, to assist persons lawfully using said premises, and to maintain the facilities.

31. Defendant held out the aforesaid premises to the public, as a marina and resort.

32. On May 28, 2018, at approximately 8:00pm, GOODRICH was returning with a party on a slip customer's boat and was walking on a dock at Callville Bay Marina, when he tripped over a loose power cord that was attached only in sections along the wooden dock.

33. The area was also poorly lit with a corroded light above.



34. GOODRICH caught his foot on the loose power cord and fell off the dock, hitting his head on a wood log and knocked unconscious, then landed face down in the water.

35. GOODRICH's friend and his wife ran over and jumped in, pulled him out, performed CPR and got emergency help.

36. GOODRICH suffered a head wound and aspirated a large amount of water. GOODRICH spent three days in two different hospitals for emergency care.

37. Defendants knew or should have known that there was a loosely attached power cord along the

dock and that it was a hazard to invitees.

38. There were no caution signs or warnings of power cord.

39. There were no warnings that the dock was in an unsafe or hazardous condition from loose, dangling or unmaintained power cords.

40. The doctrine of *res ipsa loquitur* is applicable to Plaintiff's action against Defendants herein, in that at the time that Plaintiff fell, the dock was under the exclusive control of Defendants. If Defendants had maintained the dock with reasonable care, instead of in a negligent manner, then, in the ordinary course, Plaintiff would not have fallen as alleged herein.

41. Plaintiff suffered physical injuries as a result of the fall, suffered pain and has lost mobility. Plaintiff continues to suffer and will suffer pain from the injuries in the incident.

42. Notably, on December 16, 2019, GOODRICH underwent a cervical anterior decompression and fusion surgery.

43. Plaintiff suffered economic losses and adverse employment effects from the incident.

44. Defendants' officers, directors or managing agents had advance knowledge that its employees were unfit for the purposes of their employment, and that their policies and procedures were insufficient and hazardous to the health and safety of guests and patients, and employed the employees and effected the policies and procedures with a conscious disregard of the rights or safety of others.

45. Defendants expressly authorized or ratified the wrongful acts of its employees.

46. Defendants are guilty of oppression, fraud or malice, express or implied.

47. Plaintiff has incurred damages in excess of $15,000.

## **FIRST CLAIM FOR RELIEF**

### (*Negligence Against GRG Enterprises, LLC*)

48. Plaintiff hereby repeats and alleges all previous paragraphs, as though fully set forth herein.

49. Plaintiff fell as aforesaid, by reason of the negligence of the Defendants in failing to clean and properly maintain the chairs of MACKENZIE RIVER; in maintaining said chair that GOODRICH used in a condition dangerous to the life and limb of persons lawfully using same, in that they failed to repair their seating; in maintaining said chair in a slippery

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

condition, dangerous to the life and limb of persons using the same; in failing to use proper maintenance standards, and to exercise proper care, or to remedy the slippery or wobbly condition of the chairs of the aforesaid premises appropriate adhesives, tension of bolts or screws, position of pegs, coatings.

50. Defendants failed to maintain the chairs of their facility in reasonably safe condition for use.

51. Defendants knew that broken equipment, employees or other customers might cause chairs to loosen, slide, tip, rock or wobble and cause a danger to Plaintiff that was foreseeable.

52. Defendants and its attendants failed to take reasonable precautions against the foreseeable dangerous condition caused by employees or other guests.

53. Upon information and belief, Defendants knew of prior incidents of similar dangerous conditions of loose, sliding, tipping, rocking or wobbling chairs being caused on the premises caused by broken equipment, employees or other customers.

54. Defendants knew or should have known about the condition of the loose, sliding, tipping, rocking or wobbling chairs.

55. As a result of Defendants' negligence, Plaintiff suffered physical and emotional pain.

56. As such, Defendant is responsible for damages in excess of $15,000.00.

57. Because of Defendants' acts or omissions, Plaintiff has been required to incur further attorneys' fees and costs in bringing this action and request that the Court grant said fees and costs.

## SECOND CLAIM FOR RELIEF

(*Negligence Against CALLVILLE BAY RESORT & MARINA and FOREVER RESORTS, LLC*)

58. Plaintiff hereby repeats and alleges all previous paragraphs, as though fully set forth herein.

59. Plaintiff fell as aforesaid, by reason of the negligence of the Defendants in failing to clear and maintain the grounds of said premises of CALLVILLE BAY MARINA; in maintaining said dock in a condition dangerous to the life and limb of persons lawfully using same, in that they failed to clear the dock of cords, debris and hazards to pedestrians and to maintain and cleaning the overhead lighting; in maintaining said dock in a condition fraught with obstacles and tripping hazards; in maintain the lighting of the dock in a dim, poorly lit condition dangerous to

the life and limb of persons using the same; in failing to use proper cleaning and maintenance standards, and to exercise proper care, or to remedy the hazardous condition of the dock to the aforesaid premises by removing loose cords, applying covers to cords, not leaving cords loose or dangling, by cleaning and repairing the overhead lighting or with warning signs and cones.

60. Defendants failed to maintain the dock of their facility in reasonably safe condition for use.

61. Defendants knew that broken equipment, employees or other customers might cause power cords to become slack, loose, unattached or dangling and cause a danger to Plaintiff that was foreseeable.

62. Further, Defendants knew that broken equipment, employees or other customers might cause lighting to fail, become corroded, or darken areas of the docks and cause a danger to Plaintiff that was foreseeable.

63. Defendants and its attendants failed to take reasonable precautions against the foreseeable dangerous condition caused by employees or other guests.

64. Upon information and belief, Defendants knew of prior incidents of similar dangerous conditions of power cords to become slack, loose, unattached or dangling on the docks being caused on the premises caused by broken equipment, employees or other customers.

65. Further, upon information and belief, Defendants knew of prior incidents of similar dangerous conditions of poorly lit areas being caused on the premises caused by broken equipment, employees or other customers.

66. Defendants knew or should have known about the condition of the dock.

67. As a result of Defendants' negligence, Plaintiff has suffered physical and emotional pain.

68. As such, Defendant is responsible for damages in excess of $15,000.00.

69. Because of Defendants' acts or omissions, Plaintiff has been required to incur further attorneys' fees and costs in bringing this action and request that the Court grant said fees and costs.

…

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

WHEREFORE, Plaintiff is entitled to judgment in his favor and against Defendants, jointly and severally, as follows:

1. For judgment for general and special damages in an amount in excess of $15,000.00;

2. For all costs and all attorneys' fees incurred and accrued in these proceedings;

3. For interest thereon at the legal rate until paid in full;

4. For punitive damages against CALLVILLE BAY RESORT & MARINA and FOREVER RESORTS, LLC in an amount to be determined by this court; and

5. For such other and further relief as the Court may deem just and proper.

Dated March 25, 2020.

RYAN ALEXANDER, CHTD.

RYAN ALEXANDER
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 58
Las Vegas, NV 89102
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I am an employee of RYAN ALEXANDER CHTD., and that on March 25, 2020, pursuant to NRCP 5(b), I am serving the attached copy of **AMENDED COMPLAINT** on the party(s) set forth below by ELECTRONIC SERVICE:

LEWIS BRISBOIS BISGAARD & SMITH LLP
PAUL SHPIRT, Esq.
Nevada Bar No. 10441
6385 S. Rainbow Blvd. Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant GRG ENTERPRISES, LLC*

GIBSON ROBB & LINDH LLP
Chelsea D. Yuan
201 Mission Street, Suite 2700
San Francisco, CA 94105
Main: (415) 348-6000
Direct: (415) 979-2326
Fax: (415) 348-6001
cyuan@gibsonrobb.com
*Attorneys for CALLVILLE BAY RESORT & MARINA*
*FOREVER RESORTS LLC*

Dated March 25, 2020.

/s/Jennifer Lee
_____
An employee of RYAN ALEXANDER, CHTD.

RYAN ALEXANDER, CHTD.
3017 WEST CHARLESTON BOULEVARD SUITE 58, LAS VEGAS, NEVADA 89102

Electronically Filed
3/27/2020 11:54 AM
Steven D. Grierson
CLERK OF THE COURT

1  JOSH COLE AICKLEN
   Nevada Bar No. 007254
2  Josh.aicklen@lewisbrisbois.com
   PAUL A. SHPIRT
3  Nevada Bar No. 10441
   Paul.shpirt@lewisbrisbois.com
4  JENNIFER R. LANAHAN
   Nevada Bar No. 14561
5  Jennifer.lanahan@lewisbrisbois.com
   LEWIS BRISBOIS BISGAARD & SMITH LLP
6  6385 S. Rainbow Boulevard, Suite 600
   Las Vegas, Nevada 89118
7  702.893.3383
   FAX: 702.893.3789
8  Attorneys for Defendant GRG
   ENTERPRISES, LLC, d/b/a MACKENZIE
9  RIVER

10                              DISTRICT COURT

11                         CLARK COUNTY, NEVADA

12

13  SHAUN GOODRICH, an Individual,        CASE NO. A-20-811430-C
                                          Dept. No.: 30
14            Plaintiff,

15       vs.                              **DEFENDANT GRG ENTERPRISES, LLC,
                                          D/B/A MACKENZIE RIVER'S ANSWER
16  GRG ENTERPRISES, LLC, a Montana       TO PLAINTIFF SHAUN GOODRICH'S
    Limited Liability Company doing business   AMENDED COMPLAINT**
17  as MACKENZIE RIVER; CALLVILLE BAY
    RESORT & MARINA, a Nevada Entity;
18  FOREVER RESORTS LLC, an Arizona
    Limited Liability Company, DOES I-X,
19  unknown persons; and ROE Corporations
    I-X,,
20
              Defendants.
21

22

23       COMES NOW Defendant, GRG ENTERPRISES, LLC, d/b/a MACKENZIE RIVER

24  (hereinafter "Defendant"), by and through  it's counsel of record, the law firm LEWIS

25  BRISBOIS BISGAARD & SMITH, LLP, and hereby Answers Plaintiff SAUN GOODRICH's

26  Amended Complaint as follows:

27                          <u>**RESPONSES TO PARTIES**</u>

28       1.       Answering Paragraphs 1, 3, 4, 5, 6 and 7 of Plaintiff's Amended Complaint,



4823-7991-2120.1

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraph, and on that basis, denies each and every allegation set forth therein.

2.      Answering Paragraph 2 of the Plaintiff's Amended Complaint, Defendant admits the allegations contained therein.

<u>RESPONSES TO VENUES AND JURISDICTION</u>

3.      Answering Paragraphs 8, 9 and 10 of the Plaintiff's Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraph, and on that basis, denies each and every allegation set forth therein.

<u>RESPONSES TO GENERAL ALLEGATIONS</u>

4.      Answering Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 37, 38, 39, 40, 41, 42, 43, 44, 45, 46 and 47 of the Plaintiff's Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraph, and on that basis, denies each and every allegation set forth therein.

<u>RESPONSES TO FIRST CAUSE OF ACTION</u>
(Negligence Against GRG Enterprise, LLC)

5.      Answering Paragraph 48 of Plaintiff's Amended Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1- 47 as if fully set forth herein.

6.      Answering Paragraphs 49, 50, 51, 52, 53, 54, 56 and 57 of the Plaintiff's Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraph, and on that basis, denies each and every allegation set forth therein.

<u>RESPONSES TO SECOND CAUSE OF ACTION</u>
(Negligence Against CALLVILLE BAY RESORT & MARINA and FOREVER RESORTS, LLC)

7.      Answering Paragraph 58 of Plaintiff's Amended Complaint, Defendant repeats and re-alleges its responses to Paragraphs 1- 57 as if fully set forth herein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-7991-2120.1                    2

6.      Answering Paragraphs 59, 60, 61, 62, 63, 64, 65, 66, 67, 68 and 69 of the Plaintiff's Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraph, and on that basis, denies each and every allegation set forth therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff, if any, were proximately caused, or were contributed to, by reason of the negligence of the Plaintiff, and such negligence bars and/or reduces Plaintiff's recovery against this answering Defendant, if any recovery there be.

### THIRD AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff, if any, were caused by the acts or omissions of other parties over whom this answering Defendant had no control.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting any rights he may have against this answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has waived any rights he may have had against this answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations, and/or by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

All conditions on the premises were open and obvious and Plaintiff is therefore not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  entitled to recover damages from this Defendant.

2  ### NINTH AFFIRMATIVE DEFENSE

3  Plaintiff's alleged injuries are unrelated, pre-existing and not caused by the
4  incident complained of in the Plaintiff's Complaint.

5  ### TENTH AFFIRMATIVE DEFENSE

6  All conduct by Defendant and those acting on their behalf were reasonable under
7  the circumstances, undertaken in good faith, without malice, and not tortious or unlawful.

8  ### ELEVENTH AFFIRMATIVE DEFENSE

9  Plaintiff's Complaint is barred by the doctrine of *In Pari Delicto.*

10  ### TWELFTH AFFIRMATIVE DEFENSE

11  If, in fact, any untoward, unsafe, or defective condition existed in the product
12  mentioned in the Amended Complaint, which this answering Defendant denies, said
13  condition was caused and contributed to by the negligence of the Plaintiff and/or other
14  third parties, and not by any tortious actions or failure to act by this answering Defendant.

15  ### THIRTEENTH AFFIRMATIVE DEFENSE

16  If, in fact, any untoward, unsafe, or defective condition existed in the product
17  mentioned in the Amended Complaint, which this answering Defendant deny, said
18  condition was caused and contributed to by the actions or inactions of Plaintiff and/or
19  other third parties, in that it/they changed and altered said product, thereby barring
20  Plaintiff's right to recovery against this answering Defendant.

21  ### FOURTEENTH AFFIRMATIVE DEFENSE

22  Plaintiff and/or other third-parties had knowledge of the risks and hazards set forth
23  in the Amended Complaint and the magnitude thereof, and did voluntarily assume the
24  risks thereof.

25  ### FIFTHTEENTH AFFIRMATIVE DEFENSE

26  Defendant alleges that the injury, damage, or loss, if any, sustained by the Plaintiff
27  and/or other third-parties was due to and proximately caused by the misuse, abuse, and
28  misapplication of the product described in the Amended Complaint

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the injury, damage or loss, if any, sustained by the Plaintiff and/or other third parties, was due to the use of a product for a purpose for which it was not intended.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The product identified in the Amended Complaint was altered or modified in such a way that was not reasonably foreseeable by Defendant and precludes or reduces the liability of Defendant, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The product identified in the Amended Complaint conformed with the state of the art at the time of the sale.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or other third-parties use of the subject product identified in the Amended Complaint was contrary to instructions and/or warnings provided with the subject product thereby precluding recovery against or reducing the liability of this answering Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff and/or other third-parties claims are barred by disclaimer.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or other third-parties and this answering Defendant are not in privity of contract.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant had no duty to warn of any alleged danger where such danger was open and obvious to all persons of ordinary intelligence and experience, including the Plaintiff and/or other third parties.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that a manufacturer or seller has no duty to warn of patent or obvious dangers.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-7991-2120.1                    5

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that the product was not in a reasonably dangerous or defective condition and was not manufactured by Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that Defendant was not and is not a manufacturer and/or installer of the subject product within the meaning of the implied warranty of merchantability.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that this answering Defendant is not the manufacturer of the allegedly defective product(s).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Between this answering Defendant and the Plaintiff and/or other third parties, the equities do not so preponderate in favor of the Plaintiff so as to allow recovery based upon equitable indemnity as against this answering Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

That the events, injuries and damages complained of in Plaintiff's Amended Complaint, if any, were the result of an unavoidable accident insofar as Defendant is concerned and incurred without any negligence, want of care, default, breach of warranty or other breach of duty to Plaintiff on the part of Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

This answering Defendant incorporates by reference those affirmative defenses enumerated in N.R.C.P. 8 as if fully set forth herein for the specific purpose of not waiving any such defenses.   In the event further investigation and/or discovery reveals the applicability of any such defenses, or any other affirmative defenses, Defendant reserves the right to seek leave of court to amend this answer to specifically assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:



1.   That the Court dismiss Plaintiff's Amended Complaint in its entirety with prejudice;

2.   That the Court award Defendant its costs and attorneys' fees incurred in the defense of this action; and

3.   For such other and further relief as this Court deems just and proper.

DATED this 27th day of March, 2020

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____

JOSH COLE AICKLEN
Nevada Bar No. 007254
PAUL A. SHPIRT
Nevada Bar No. 10441
JENNIFER R. LANAHAN
Nevada Bar No. 14561
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
Attorneys for Defendant GRG
ENTERPRISES, LLC d/b/a MACKENZIE
RIVER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of March, 2020, a true and correct copy of

**DEFENDANT GRG ENTERPRISES, LLC, A MONTANA LIMITED LIABILITY COMPANY**

**DOING BUSINESS AS MACKENZIE RIVER ANSWER TO AMENDED COMPLAINT** was

served electronically with the Court using the Odyssey Electronic Service system and

addressed as follows:

Ryan Alexander
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Suite 58
Las Vegas, NV  89102
Phone: 702-868-3311
*Attorneys for Plaintiffs*

GIBSON ROBB & LINDH LLP
Chelsea D. Yuan Esq.
201 Mission Street, Suite 2700
San Francisco, CA 94105
Main: (415) 348-6000
Direct: (415) 979-2326
Fax: (415) 348-6001
cyuan@gibsonrobb.com
Attorneys for CALLVILLE BAY RESORT &
MARINA FOREVER RESORTS LLC


By   /s/Tina M. Abrante
     An Employee of
     LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Electronically Filed
3/27/2020 11:54 AM
Steven D. Grierson
CLERK OF THE COURT

1 | **DSST**
JOSH COLE AICKLEN
2 | Nevada Bar No. 007254
Josh.aicklen@lewisbrisbois.com
3 | PAUL A. SHPIRT
Nevada Bar No. 10441
4 | Paul.shpirt@lewisbrisbois.com
JENNIFER R. LANAHAN
5 | Nevada Bar No. 14561
Jennifer.lanahan@lewisbrisbois.com
6 | LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
7 | Las Vegas, Nevada 89118
702.893.3383
8 | FAX: 702.893.3789
Attorneys for Defendant GRG
9 | ENTERPRISES, LLC, a Montana Limited
Liability Company doing business as
10 | MACKENZIE RIVER

11

12 | DISTRICT COURT

13 | CLARK COUNTY, NEVADA

14

15 | SHAUN GOODRICH, an Individual,          CASE NO. A-20-811430-C
                                         Dept. No.: 30
16 |                Plaintiff,

17 |        vs.

18 | GRG ENTERPRISES, LLC, a Montana
Limited Liability Company doing business
19 | as MACKENZIE RIVER; CALLVILLE BAY
RESORT & MARINA, a Nevada Entity;
20 | FOREVER RESORTS LLC, an Arizona
Limited Liability Company, DOES I-X,
21 | unknown persons; and ROE Corporations
I-X,,

22 |                Defendants.

23

24

25 | **DEFENDANT GRG ENTERPRISES, LLC, a Montana Limited Liability Company dba
MACKENZIE RIVER'S NRCP 7.1 DISCLOSURE**

26 |        COMES NOW, Defendant **GRG ENTERPRISES, LLC, a Montana Limited Liability**

27 | **Company dba MACKENZIE RIVER**, by and through its attorneys of record, Josh Cole

28 | Aicklen, Esq., Paul A. Shpirt, Esq. and Jennifer R. Lanahan, Esq. of LEWIS BRISBOIS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-9583-3272.1

1  BISGAARD & SMITH LLP, and hereby provides the following disclosure pursuant to

2  NRCP 7.1 in the above-entitled action.

3         Defendant states it has no parent corporation and that no publicly held corporation

4  owns 10% or more of their stock.

5         DATED this 27th day of March, 2020

6                                    Respectfully submitted,

7

8                                    LEWIS BRISBOIS BISGAARD & SMITH  LLP

9

10

11                   By

12                        JOSH COLE AICKLEN
                         Nevada Bar No. 007254
13                        PAUL A. SHPIRT
                         Nevada Bar No. 10441
14                        JENNIFER R. LANAHAN
                         Nevada Bar No. 14561
15                        6385 S. Rainbow Boulevard, Suite 600
                         Las Vegas, Nevada 89118
16                        Tel. 702.893.3383
17                        Attorneys for Defendant GRG
                         ENTERPRISES, LLC, a Montana Limited
18                        Liability Company doing business as
                         MACKENZIE RIVER
19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on this 27th day of March, 2020, a true and correct copy of

3

**DEFENDANT GRG ENTERPRISES, LLC, a** Montana **Limited Liability Company dba**

4

**MACKENZIE RIVER'S NRCP 7.1 DISCLOSURE** was served electronically with the Court

5

using the Odyssey Electronic Service system and addressed as follows:

6

Ryan Alexander
RYAN ALEXANDER, CHTD.

7

3017 West Charleston Blvd., Suite 58
Las Vegas, NV  89102

8

Phone: 702-868-3311
*Attorneys for Plaintiffs*

9

GIBSON ROBB & LINDH LLP
Chelsea D. Yuan Esq.
201 Mission Street, Suite 2700
San Francisco, CA 94105
Main: (415) 348-6000
Direct: (415) 979-2326
Fax: (415) 348-6001
cyuan@gibsonrobb.com

10

Attorneys for CALLVILLE BAY RESORT &
MARINA FOREVER RESORTS LLC

11

12

By   /s/Tina M. Abrante

13

An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-9583-3272.1                    3

Electronically Filed
3/27/2020 11:54 AM
Steven D. Grierson
CLERK OF THE COURT

1  JOSH COLE AICKLEN
   Nevada Bar No. 007254
2  Josh.aicklen@lewisbrisbois.com
   PAUL A. SHPIRT
3  Nevada Bar No. 10441
   Paul.shpirt@lewisbrisbois.com
4  JENNIFER R. LANAHAN
   Nevada Bar No. 14561
5  Jennifer.lanahan@lewisbrisbois.com
   LEWIS BRISBOIS BISGAARD & SMITH LLP
6  6385 S. Rainbow Boulevard, Suite 600
   Las Vegas, Nevada 89118
7  702.893.3383
   FAX: 702.893.3789
8  Attorneys for Defendant GRG
   ENTERPRISES, LLC, a Montana Limited
9  Liability Company doing business as
   MACKENZIE RIVER

10

11                    DISTRICT COURT

12              CLARK COUNTY, NEVADA

13

14  SHAUN GOODRICH, an Individual,          CASE NO. A-20-811430-C
                                            Dept. No.: 30
15              Plaintiff,

16      vs.                                 INITIAL APPEARANCE FEE
                                            DISCLOSURE
17  GRG ENTERPRISES, LLC, a Montana
    Limited Liability Company doing business
18  as MACKENZIE RIVER; CALLVILLE BAY
    RESORT & MARINA, a Nevada Entity;
19  FOREVER RESORTS LLC, an Arizona
    Limited Liability Company, DOES I-X,
20  unknown persons; and ROE Corporations
    I-X,,
21
                Defendants.
22

23      **INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)**

24          Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are

25  submitted for parties appearing in the above entitled action as indicated below:

26  / / /

27  / / /

28

4835-2154-9240.1

1    Defendant GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing

2  business as MACKENZIE RIVER              $223.00 answer

3    TOTAL REMITTED              $223.00

5    DATED this 27th day of March, 2020

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____

JOSH COLE AICKLEN
Nevada Bar No. 007254
PAUL A. SHPIRT
Nevada Bar No. 10441
JENNIFER R. LANAHAN
Nevada Bar No. 14561
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
Attorneys for Defendant GRG
ENTERPRISES, LLC, a Montana Limited
Liability Company doing business as
MACKENZIE RIVER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2020, a true and correct copy of

**INITIAL APPEARANCE FEE DISCLOSURE** was served electronically with the Court

using the Odyssey Electronic Service system and addressed as follows:

Ryan Alexander
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Suite 58
Las Vegas, NV  89102
Phone: 702-868-3311
*Attorneys for Plaintiffs*

GIBSON ROBB & LINDH LLP
Chelsea D. Yuan Esq.
201 Mission Street, Suite 2700
San Francisco, CA 94105
Main: (415) 348-6000
Direct: (415) 979-2326
Fax: (415) 348-6001
cyuan@gibsonrobb.com
Attorneys for CALLVILLE BAY RESORT &
MARINA FOREVER RESORTS LLC

By   /s/Tina M. Abrante

An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

4835-2154-9240.1

3

Electronically Filed
3/27/2020 11:54 AM
Steven D. Grierson
CLERK OF THE COURT

1 **DMJT**
JOSH COLE AICKLEN
2 Nevada Bar No. 007254
Josh.aicklen@lewisbrisbois.com
3 PAUL A. SHPIRT
Nevada Bar No. 10441
4 Paul.shpirt@lewisbrisbois.com
JENNIFER R. LANAHAN
5 Nevada Bar No. 14561
Jennifer.lanahan@lewisbrisbois.com
6 LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
7 Las Vegas, Nevada 89118
702.893.3383
8 FAX: 702.893.3789
Attorneys for Defendant GRG
9 ENTERPRISES, LLC, a Montana Limited
Liability Company doing business as
10 MACKENZIE RIVER

11

DISTRICT COURT

12

CLARK COUNTY, NEVADA

13

14

15 | SHAUN GOODRICH, an Individual,

Plaintiff,

16

17 vs.

18 GRG ENTERPRISES, LLC, a Montana
Limited Liability Company doing business
as MACKENZIE RIVER; CALLVILLE BAY
19 RESORT & MARINA, a Nevada Entity;
FOREVER RESORTS LLC, an Arizona
20 Limited Liability Company, DOES I-X,
unknown persons; and ROE Corporations
21 I-X,,

22 Defendants.

| CASE NO. A-20-811430-C
Dept. No.: 30

23

24 <u>**DEMAND FOR JURY TRIAL**</u>

25     COME NOW, Defendant GRG ENTERPRISES, LLC, a Montana Limited Liability

26 Company doing business as MACKENZIE RIVER, by and through their attorneys of

27 record, Josh Cole Aicklen, Esq., Paul A. Shpirt, Esq., and Jennifer R. Lanahan, Esq. of

28 LEWIS BRISBOIS BISGAARD & SMITH LLP, and hereby demand a jury trial of all of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1746-4248.1

1    issues in the above-entitled action.

2         DATED this 27th day of March, 2020

3                               Respectfully submitted,

4

5                               LEWIS BRISBOIS BISGAARD & SMITH  LLP

6

7

8    By _____

9         JOSH COLE AICKLEN
         Nevada Bar No. 007254
10        PAUL A. SHPIRT
         Nevada Bar No. 10441
11        JENNIFER R. LANAHAN
         Nevada Bar No. 14561
12        6385 S. Rainbow Boulevard, Suite 600
         Las Vegas, Nevada 89118
13        Tel. 702.893.3383
         Attorneys for Defendant GRG
14        ENTERPRISES, LLC, a Montana Limited
         Liability Company doing business as
15        MACKENZIE RIVER

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-1746-4248.1                              2

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2020, a true and correct copy of **DEMAND FOR JURY TRIAL** was served electronically with the Court using the Odyssey Electronic Service system and addressed as follows:

| | |
|---|---|
| Ryan Alexander | GIBSON ROBB & LINDH LLP |
| RYAN ALEXANDER, CHTD. | Chelsea D. Yuan Esq. |
| 3017 West Charleston Blvd., Suite 58 | 201 Mission Street, Suite 2700 |
| Las Vegas, NV  89102 | San Francisco, CA 94105 |
| Phone: 702-868-3311 | Main: (415) 348-6000 |
| *Attorneys for Plaintiffs* | Direct: (415) 979-2326 |
| | Fax: (415) 348-6001 |
| | cyuan@gibsonrobb.com |
| | Attorneys for CALLVILLE BAY RESORT & |
| | MARINA FOREVER RESORTS LLC |

By   /s/Tina M. Abrante
　　　An Employee of
　　　LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Electronically Filed
3/27/2020 11:54 AM
Steven D. Grierson
CLERK OF THE COURT

**CSRE**
JOSH COLE AICKLEN
Nevada Bar No. 007254
Josh.aicklen@lewisbrisbois.com
PAUL A. SHPIRT
Nevada Bar No. 10441
Paul.shpirt@lewisbrisbois.com
JENNIFER R. LANAHAN
Nevada Bar No. 14561
Jennifer.lanahan@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
Attorneys for Defendant GRG
ENTERPRISES, LLC, a Montana Limited
Liability Company doing business as
MACKENZIE RIVER

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| SHAUN GOODRICH, an Individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>GRG ENTERPRISES, LLC, a Montana Limited Liability Company doing business as MACKENZIE RIVER; CALLVILLE BAY RESORT & MARINA, a Nevada Entity; FOREVER RESORTS LLC, an Arizona Limited Liability Company, DOES I-X, unknown persons; and ROE Corporations I-X,,<br><br>        Defendants. | CASE NO. A-20-811430-C<br>Dept. No.: 30 |

**CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH E-FILING PROGRAM**

The undersigned hereby consents to service of documents by electronic means through the Courts e-filing program on behalf of the following party or parties:

Documents served by electronic means must be transmitted to the following persons at the e-mail addresses listed: Josh Cole Aicklen,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-2710-1880.1

1   josh.aicklen@lewisbrisbois.com, Paul A. Shpirt, paul.shpirt@lewisbrisbois.com and

2   Jennifer R. Lanahan, jennifer.lanahan@lewisbrisbois.com of LEWIS BRISBOIS

3   BISGAARD & SMITH LLP.

4        It is my understanding that the attachments may be transmitted to the program in

5   any format and will be converted to a PDF file before service is effected.  The

6   undersigned also acknowledges that this Consent does not require service by electronic

7   means unless the serving party elects to do so.

8        DATED this 27th day of March, 2020

9

10                                Respectfully submitted,

11                                LEWIS BRISBOIS BISGAARD & SMITH  LLP

12

13

14                  By _____

15                           JOSH COLE AICKLEN

16                           Nevada Bar No. 007254
                             PAUL A. SHPIRT

17                           Nevada Bar No. 10441
                             JENNIFER R. LANAHAN

18                           Nevada Bar No. 14561
                             6385 S. Rainbow Boulevard, Suite 600

19                           Las Vegas, Nevada 89118
                             Tel. 702.893.3383

20                           Attorneys for Defendant GRG
                             ENTERPRISES, LLC, a Montana Limited

21                           Liability Company doing business as

22                           MACKENZIE RIVER

23

24

25

26

27

28



1

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2020, a true and correct copy of

**CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH E-FILING PROGRAM**

was served electronically with the Court using the Odyssey Electronic Service system

and addressed as follows:

Ryan Alexander
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Suite 58
Las Vegas, NV  89102
Phone: 702-868-3311
*Attorneys for Plaintiffs*

GIBSON ROBB & LINDH LLP
Chelsea D. Yuan Esq.
201 Mission Street, Suite 2700
San Francisco, CA 94105
Main: (415) 348-6000
Direct: (415) 979-2326
Fax: (415) 348-6001
cyuan@gibsonrobb.com
Attorneys for CALLVILLE BAY RESORT &
MARINA FOREVER RESORTS LLC

By    /s/Tina M. Abrante
      An Employee of
      LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW