UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHAUN GOODRICH,

    Plaintiff(s),

v.

GRG ENTERPRISES, LLC, et al.,

    Defendant(s).

Case No.: 2:20-cv-00671-JCM-NJK

**ORDER**

[Docket No. 34]

Pending before the Court is a motion for leave to file a third-party complaint, filed by Defendants Callville Bay Resort & Marina and Forever Resorts, LLC ("Defendants"). Docket No. 34. The Court has considered Defendants' motion, Plaintiff's response, and Defendants' reply. Docket Nos. 34-1, 37, 38. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the Court **GRANTS** Defendants' motion.

**I. BACKGROUND**

Plaintiff alleges that, upon returning from a boat excursion at approximately 8:00 p.m. on May 28, 2018, he sustained a head injury after tripping on a power cord loosely attached to Defendants' marina dock. *See* Docket No. 34-4 at 5. Plaintiff filed suit against Defendants for negligence in state court on March 1, 2020.[1] *See id.* at 2, 7–8. Defendants removed the action to this Court on April 10, 2020. *See* Docket No. 1. On April 17, 2020, Defendants filed an answer.[2] *See* Docket No. 14. Thereafter, the Court entered a scheduling order and set a deadline of

---

[1] Plaintiff filed an amended complaint on March 25, 2020. Docket No. 34-1 at 2.

[2] Defendants also filed a crossclaim against Defendants GRG Enterprises, LLC. *See* Docket No. 14.

1

September 15, 2020, to amend pleadings and add parties. Docket No. 28 at 3. On September 15, 2020, Defendants filed the instant motion for leave to file a third-party complaint. *See* Docket No. 34.

## II.   LEGAL STANDARD

Under Rule 14(a), a defending party, as a third-party plaintiff, may implead a third-party defendant "who is or may be liable to it for all or part of the claim against it."[3] Fed.R.Civ.P. 14(a). The defending party "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.* "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereof." *Stewart v. Am. Intern. Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* (citation omitted). "Rule 14 was designed to provide for the adjudication of rights of all persons involved in a controversy in order to avoid circuity of actions and multiplicity of suits." *Nev. Eighty-Eight, Inc. v. Title Ins. Co. of Minn.*, 753 F. Supp. 1516, 1529 (D. Nev. 1990). "The decision on leave to file a third-party complaint is within the district court's sound discretion." *Clark Cty. v. Jacobs Facilities, Inc.*, 2011 WL 4458797, at *1 (D. Nev. Sept. 23, 2011).

## III.   ANALYSIS

Defendants argue that leave to file a third-party complaint against Horch is proper because its claims against Horch are based on Plaintiff's claims against Defendants. Docket No. 34-1 at 5. Upon filing his complaint, Plaintiff alleged that, on the evening he tripped and fell, he returned to Defendants' marina dock "with a party on a slip customer's boat." Docket No. 34-5 at 5. In response to an interrogatory, Plaintiff identified Horch as the "slip customer." Docket No. 34-1 at 3. Defendants submit that Horch is a resident of Las Vegas, Nevada and rents a boat slip at Defendants' marina dock. *Id.* Defendants submit that Horch signed a Moorage License Agreement in February 2018. *Id.* Defendants further submit that the agreement indemnifies

---

[3] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

Defendants from certain claims arising from Horch's rental of the boat slip on Defendants' marina dock. *Id.* Specifically, Defendants contend that the "valid and enforceable" Moorage License Agreement entitles them to contractual indemnity from Horch for any recovery that may result from the instant action. *Id.* at 4. Thus, Defendants seek leave to file a third-party complaint against Horch for contractual indemnity. *Id.*

Defendants submit that Plaintiff's discovery responses reveal that Horch was with Plaintiff on the boat and that Plaintiff drank beer while on board Horch's boat prior to the alleged incident. *Id.* Defendants further submit that the Moorage License Agreement imposes a duty of care upon Horch toward Plaintiff, which Horch breached when he allowed Plaintiff to consume beer on his boat. *Id.* Defendants submit that, "Horch . . . caused and/or contributed to the injuries and damages claimed by [Plaintiff]." *Id.* As a result, Defendants' proposed third-party complaint against Horch also asserts equitable indemnity and contribution claims. *Id.*

In response, Plaintiff submits that leave to file a third-party complaint against Horch is not proper "because there is no cognizable claim" against Horch. Docket No. 37 at 3. Plaintiff further submits that the Moorage License Agreement "does not include indemnity for injuries suffered by Horch as a result of [Defendants'] negligence[.]" *Id.* The agreement, Plaintiff contends, "does not have an indemnification of 'any and all claims' without limitation." *Id.* Plaintiff therefore disputes Defendants' reading of the Moorage License Agreement, arguing that the terms in the agreement do not indemnify Defendants from the instant claims.

In reply, Defendants submit that "the enforceability of the Moorage License Agreement's indemnity provisions . . . is not an issue in this motion." Docket No. 38 at 3. Defendants further submit that no basis exists "to argue compliance with or lack of *Twombly/Iqbal* issues in relation to a timely motion for leave to file a third party complaint, nor does Plaintiff have standing to make such arguments on behalf of Horch." *Id.*

The Court finds that granting leave to file a third-party complaint against Horch will "avoid circuity of actions and multiplicity of suits." *Nev. Eighty-Eight, Inc.*, 753 F. Supp. at 1529. Defendants' third-party complaint alleges that the Moorage License Agreement renders Horch derivatively liable for any recovery that may result in the instant action. Defendants seek to hold

3

Horch liable insofar as Defendants themselves are held liable in the instant case. Clearly, Horch's "liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereof." *Stewart*, 845 F.2d at 199. Further, whether Defendants' third-party complaint states a claim upon which relief can be granted is inconsequential for purposes of the instant motion. At the appropriate time, Horch as third-party may raise any objections to the merits of Defendants' third-party complaint. *See Jacobs Facilities*, 2011 WL 4458797, at *1 ("Any Rule 12 defenses to Defendants' third-party claims are properly raised by TSKA as third-party defendant in its answer to the third-party complaint, not by . . . the original plaintiff in opposition to a motion for leave to file.")

### IV. CONCLUSION

Accordingly, Defendants' motion for leave to file a third-party complaint is **GRANTED**. Docket No. 34. Defendants shall promptly file and serve their third-party complaint.

IT IS SO ORDERED.

Dated: October 8, 2020

_____
Nancy J. Koppe
United States Magistrate Judge