UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAUN GOODRICH, | Case No. 2:20-CV-671 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| GRG ENTERPRISES, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendant GRG Enterprises, LLC d/b/a Mackenzie River ("GRG") motion to dismiss cross-claims. (ECF No. 31). Defendants Callville Bay Resort & Marina and Forever Resorts LLC ("the Callville defendants") filed a response, (ECF No. 32), to which GRG replied. (ECF No. 33).

**I.     Background**

The instant case arises from plaintiff Shaun Goodrich's ("Goodrich") injuries that took place at the businesses of GRG and the Callville defendants, approximately three months apart. (ECF No. 1). Plaintiff asserts separate claims against GRG and the Callville defendants for negligence.

On March 11, 2018, plaintiff was a customer at MacKenzie River Pizza, Grill & Pub which is operated by GRG. (ECF No. 31). The chair he was seated in became "loose, slipped, tipped, rocked or wobbled." (*Id.*). Plaintiff fell and was taken to the hospital by ambulance. *(Id).*

Several months later, on May 28, 2018, plaintiff was walking on a dock, maintained and owned by the Callville defendants, when he tripped over a loose power cord in a poorly lit area. (ECF No. 1). Plaintiff fell off the dock, hitting his head on a wood log. *(Id.).* Plaintiff suffered a head wound and aspirated a large amount of water. *(Id).* Because of this incident, plaintiff spent three days in two different hospitals and, on December 16, 2019, he underwent cervical anterior decompression and fusion surgery. *(Id.).*

James C. Mahan
U.S. District Judge

In March 2020, plaintiff initiated this suit in Nevada state court. (ECF No.1). Plaintiff brought claims of negligence against GRG and the Callville defendants. (*Id.*). Plaintiff alleges physical harm, pain, loss of mobility, economic losses, and adverse employment effects stemming from both incidents. (*Id.*).

On April 10, 2020, the Callville defendants removed to this court. (ECF No. 1). The Callville defendants answered plaintiff's amended complaint and filed two cross-claims against GRG: (1) Contribution and (2) Equitable Indemnity (ECF No. 14.). GRG answered the cross-claims on April 22, 2020. (ECF No. 15).

On June 9, 2020, defendant GRG filed its instant motion to dismiss both cross-claims. (ECF No. 31).

## II.     Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Rule 12(c) is "functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (internal citation and quotation omitted). Therefore, "[a] judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005) (internal quotations and citations omitted). To proceed, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" may not be dismissed under Rules 12(b)(6) or 12(c). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation omitted).

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

GRG moves to dismiss both cross-claims by the Callville defendants: (1) contribution and (2) equitable indemnity. (ECF No. 31). With the well-pled factual allegations of the pleadings accepted as true, the court dismisses only the cross-claim of equitable indemnity.

As a preliminary matter, the Callville defendants argue that GRG's motion to dismiss is untimely. (ECF No. 32). On April 22, 2020, GRG answered the Callville defendants' cross-claims. (ECF No. 15). On June 9, 2020, GRG filed its instant motion to dismiss. (ECF. No. 31). A defendant must file its 12(b)(6) motion to dismiss before its first responsive pleading. *See Elvig v. Calvin Presbyterian Church,* 375 F.3d 951, 954 (9th Cir. 2004). Although the Callville defendants are correct, this court will construe GRG's instant motion to dismiss as a motion for judgment on the pleadings. *See id.*

**James C. Mahan**
**U.S. District Judge**

- 3 -

*A. Contribution*

In Nevada, to prevail on a claim for right to contribution, there must be "two or more persons [that] become jointly or severally liable in tort for the same injury to person or property of for the same wrongful death . . . even though judgment has not been recovered against all or any of them." Nev. Rev. Stat. 17.225. Additionally, the right to contribution exists only for the tortfeasor who paid a larger amount than their equitable share. *Id.* Lastly, a tortfeasor is not permitted to recover contribution from any other tortfeasor, if it is in excess of what was reasonable. *Id.*

GRG argues that the Callville defendants' contribution claim fails as a matter of law because GRG and the Callville defendants are "clearly successive tortfeasors and not joint tortfeasors." (ECF No. 31). GRG argues that plaintiff Goodrich alleged "two separate causes of action, which stem from two different and distinct incidents." *(Id.)*. "Successive tortfeasors" is defined as two people or entities that produce acts "differing in time and place of commission as well in nature, [causing] produced two separate injuries [that] give rise to two distinct causes of action" *Hansen v. Collet,* 380 P.2d 301, 305 (Nev. 1963). "When tortfeasors are successive, rather than joint tortfeasors, there can be no claim for contribution as a matter of law." *Republic Silver State Disposal v. Cash*, 2018 Nev. Dist. LEXIS 1314 (Nev. 2018).

Defendant GRG makes the argument that the Callville defendants are successive tortfeasors, because these two incidents occurred on different days, at different times, and in different locations. (*Id.*). However, this court accepts the factual allegations in the amended complaint as true. *See Rowe v. Educ. Credit Mgmt. Corp.,* 559 F.3d 1028, 1029-30 (9th Cir. 2009).

Here, the Callville defendants assert that the claim of contribution cannot be dismissed because, taken as true, the plaintiffs' complaint uses the phrase "jointly and severally" multiple times throughout; therefore, it shows that defendants are joint tortfeasors and not successive. (ECF No. 31). However, this statement by the Callville defendants is conclusory. (ECF No. 33). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). This court will not consider this argument as the reasoning for the claim of contribution to proceed.

This claim may proceed because both incidents created an indivisible injury. (ECF No. 32). If the actions of the joint tortfeasors were separate and independent, but the actions "produce

**James C. Mahan**
**U.S. District Judge**

- 4 -

an indivisible injury" they are entitled to pursue a claim of contribution. *Discount Tire v. Fisher Sand & Gravel,* 400 P.3d at 244. Even though GRG argues that the incidents were "two separate causes of action, which stem from two different and distinct incidents" taking the plaintiffs' allegations as true, there is no definitive evidence showing who is at fault for plaintiffs' injuries. *Id.* The Callville defendants argue that in both incidents the plaintiff hit his head and further discovery is needed in order "to determine the causation of the alleged collective damages and cervical spine fusion surgery;" this further shows that one defendant cannot be definitively liable for the plaintiffs' injury. *(Id.).*

A. *Equitable Indemnity*

Equitable indemnity "allows a defendant to seek recovery from other potential tortfeasors." *Pack v. LaTourette,* 277 P.3d 1246, 1249 (Nev. 2012). The claim is "generally available to remedy the situation in which the defendant, who has committed no independent wrong, is held liable for the loss of a plaintiff caused by another party." *Id. at* 1248-49. If a party is actively negligent and has committed an independent wrong, "that party has no right to indemnity from other tortfeasors." *Id.* at 1249. Furthermore, in order to establish indemnity, there must be some nexus proven between the indemnitee and indemnitor. *Rodriguez v. Primadonna Co., LLC,* 216 P.3d 793, 802.

Here, plaintiffs' complaint states the injuries he obtained from both incidents, thus serving as the nexus between the two parties. (ECF No. 31). However, plaintiff alleges the Callville defendants, in a separate cause of action, are liable for maintaining the dock in a negligent manner. *(Id.).* Thus, taking the allegations in plaintiff's complaint as true, the Callville defendants were actively negligent and committed an independent wrong. *(Id.).* Therefore, the Callville defendants have no right to indemnity. *Pack,* 277 Nev. at 1249.

This court grants GRG's motion to dismiss the claim of equitable indemnity. This court denies the Callville defendants' request for leave to amend due to futility.

. . .
. . .
. . .
. . .
. . .
. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss the cross claims (ECF No. 31) be, and the same hereby is, GRANTED in part and DENIED in part.

DATED October 14, 2020.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**