UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAUN GOODRICH, | Case No. 2:20-CV-671 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| GRG ENTERPRISES, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendant GRG Enterprises, LLC d/b/a Mackenzie River's ("GRG") motion for determination of good faith settlement. (ECF No. 44). Plaintiff Shaun Goodrich joined GRG's motion. (ECF No. 45). Defendants Callville Bay Resort & Marina and Forever Resorts LLC ("Callville") filed a response, (ECF No. 47), to which third-party defendant Matthias Horch ("Horch") joined, (ECF No. 48). GRG replied. (ECF No. 49).

**I.   Background**

The instant matter arises from two distinct incidents where plaintiff Goodrich was injured. (ECF No. 1).

The first incident occurred on March 11, 2018, while plaintiff was a customer at MacKenzie River Pizza, Grill & Pub which is operated by GRG. (ECF No. 31). Plaintiff fell from an allegedly defective stool and was hospitalized. (*Id.*). Several months later, on May 28, 2018, plaintiff was injured in a second incident while walking on a dock, owned by Callville. (ECF No. 1). Plaintiff fell off the dock and was hospitalized. (*Id.*).

Plaintiff and GRG have worked out a settlement of $33,637.71, which this court is now asked to determine is in good faith pursuant to NRS § 17.245. (ECF Nos. 44, 45). Defendants Callville and Horch oppose the instant request. (ECF Nos. 47, 48).

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Under Nevada law, the determination of whether a settlement is entered in "good faith" under NRS § 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 811 P.2d 561, 563 (Nev. 1991). The factors discussed in *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983), may be among the relevant facts a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 120 Nev. 644, 98 P.3d 681, 686-87 (Nev. 2004).

Such factors include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927 (citing *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)). However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563.

## III. Discussion

On October 22, 2020, plaintiff and GRG reached a proposed settlement in the amount of $33,637.71, which was calculated in order to cover plaintiff's past medical damages. (ECF No. 44). GRG now moves for determination of good faith settlement. (*Id.*).

In opposition, Callville and Horch first argue that Nevada law does not apply, because "any settlement here would be governed by substantive maritime law, specifically the proportionate share rule from *McDermott, Inc. v. AmClyde and Riverdon Castings Ltd.*, 511 U.S. 202 (1994)." (ECF No. 47). This court disagrees. The accident pertinent to the instant settlement occurred in Summerlin, Las Vegas, miles away from any bodies of water. (ECF No. 1). The alleged tort with GRG did not occur on "navigable water" as required to confer admiralty jurisdiction. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The only incident that occurred on "an interstate body of water" is the separate, sequential incident which occurred on Callville's premises. This court will thus examine the instant motion pursuant to Nevada law, NRS § 17.245.

**James C. Mahan**
**U.S. District Judge**

Callville and Horch generally oppose the settlement between plaintiff and GRG because, "without full discovery and expert investigation into the nature of the alleged incidents and the allegations of Plaintiff . . . , there is no way to know yet what a reasonable settlement would be." (ECF No. 47). Furthermore, the response takes issue with the settlement agreement's alleged failure to consider "consider GRG's insurance policy limit of $1,000,000, nor did the parties consider GRG's financial condition as a solvent company." (*Id.*). This court again disagrees. The parties have conducted sufficient discovery, and in fact, plaintiff was given the "option to retain an expert, to conduct written discovery and to inspect GRG['s] . . . barstool." (ECF No. 44). The decision was made by plaintiff to not incur further costs and instead to settle as the parties have. Although third-party defendant Horch was not given the opportunity to conduct discovery, Horch was not involved at all in the incident involving GRG. Based on the existing record, this court is fully capable of determining whether the instant settlement was made in good faith without further discovery. As to GRG's alleged omissions, the reply has appropriately addressed those concerns: "Plaintiff's total claimed medical damages, as computed by Plaintiff and disclosed in his FRCP 26 disclosures is $87,502.42," of which the settlement covers nearly 40%. (ECF No. 49). Callville's attempt to invoke policy limit coverage does not appropriately relate to the proposed settlement amount.

Having addressed Callville's objection, this court examines whether the settlement in question satisfies the applicable *MGM* factors. 570 F. Supp. at 927. GRG's motion sufficiently addresses each of these factors. (ECF No. 44). Plaintiff and GRG have agreed to settle for $33,637.71, proceeds that will go solely to plaintiff. (*Id.*). In exchange, plaintiff will dismiss all its claims against GRG, which plaintiff would "have difficulty establishing." (*Id.*). GRG asserts that the parties arrived at this amount as the result of an arms-length negotiation. (*Id.*). GRG presents that insurance policy limits and the financial condition of the settling parties are not relevant factors here due to "small potential liability;" however, GRG discloses that the policy limit is one million dollars and its business remains solvent. (*Id.*). Finally, GRG asserts that the parties' settlement was free from collusion, fraud, or tortious conduct. (*Id.*). This court finds that no collusive conduct has occurred here.

**James C. Mahan**
**U.S. District Judge**

In light of the foregoing and upon review of the record, the court finds that the settlement between plaintiff and GRG was made in good faith. (*Id.*). This court also thus dismisses all past, present, and future claims for implied indemnity, equitable indemnity, and contribution against GRG by operation of NRS 17.245(1)(b).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant GRG's motion for determination of good faith settlement (ECF No. 44) be, and the same hereby is, GRANTED.

DATED January 11, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**